# Kauffman's Appeal.

1. A complainant averred that he agreed to sell a lot to the defendant, he to pay at the same rate as he paid others, and that he paid others at a rate which he refused to pay to complainant; and prayed for specific performance. *Held*, that the agreement was simply for the payment of money and complainant had an adequate remedy at law.

2. Finley v. Aiken, 1 Grant 84, examined.

3. A vendor may maintain a bill of specific performance where his contract stands in need of the specific relief which a court of equity alone can furnish. But where the decree sought is for payment of money only, it does not fall under the head of relief where a recovery of damages would be an adequate remedy.

May 21st 1867. Before WOODWARD, C. J., THOMPSON, and AGNEW, JJ. STRONG, and READ, JJ. absent.

Appeal from the decree of the Court of Common Pleas of *Lancaster county*. In Equity.

[Kauffman's Appeal.]

John Bachman filed his bill, June 18th 1866, against Christian S. Kauffman, President of the Columbia and Port Deposit Railroad Company, in which he averred that he was the owner of a lot of ground of 150 feet front, in the borough of Columbia, and on the 20th day of December 1865 agreed with the defendant to sell him the lot for $20 per foot; that $1000 was paid at the date of the agreement, and the remaining $2000 was to be paid on the 1st day of February then next, when a deed was to be made to the defendant; that it was also stipulated in the agreement "that if the said C. S. Kauffman shall pay to the property holders along the wharf a greater price than $20 per foot, then the said Bachman shall be paid the same amount that may be amicably agreed upon between the said Kauffman and other parties owning wharf property, but not if the price is determined and obtained through jury or court;" that afterwards the defendant did by amicable agreement, and not by the determination of a court or jury, pay to a certain George Bogle, an owner of wharf property, in said borough of Columbia, the price of $41.30 per foot for a lot of ground having a front of 100 feet, and received from him a deed of conveyance for the same; that the complainant has always been ready to convey the lot to the defendant on being paid the balance of the purchase-money at the rate paid to Bogle, viz. $5,195, and has tendered a deed upon the payment of that balance, but the defendant has declined to receive the deed and pay the balance, and prayed the court to compel the defendant specifically to perform the agreement, and for other relief, &c.

The defendant demurred because the complainant on the facts shown in the bill had an adequate remedy at law.

The court (Long, P. J.) overruled the demurrer. The defendant filed an answer, and testimony was taken. The court, after the hearing, decreed that the defendant pay to the complainant $5,195, with interest, on receiving a deed, &c.

The defendant appealed, and assigned the overruling the demurrer and this decree for error.

*G. F. Breneman,* for appellant, cited Adams's Eq. 37, 83, 97; Phyfe *v.* Wardell, 2 Ed. Ch. 51; Bowman *v.* Irons, 2 Bibb 78; Acts of 16th June 1836, § 13, Pamph. L. 789; 14th February 1867, § 1, Pamph. L. 39, Purd. 401, 302, pl. 3–11; Finley *v.* Aiken, 1 Grant 83; Strasburg Railroad Co. *v.* Echternacht, 9 Harris 220; 2 Vern. 119; Fonbl. Eq. 142, note; 2 Bro. P. C. 436; Newlin on Cont. 313; Bodine *v.* Glading, 9 Harris, 54; 2 Dan. Ch. Pr. 404; Eberly *v.* Groff, 9 Harris 251; 2 Pars. on Cont. 351, and notes; Goring *v.* Nash, 3 Atk. 187; Buckle *v.* Mitchell, 18 Ves. 111; Dalzell *v.* Crawford, 1 Pars. Eq. Cas. 45; Freetly *v.* Barnhart, 1 P. F. Smith 279; 2 Story's Eq. § 750.

[Kauffman's Appeal.]

*W. W. Brown*, for appellee, cited Tiernan *v.* Rowland, 3 Harris 429 ; Finley *v.* Aiken, 1 Grant 83.

The opinion of the court was delivered, July 3d 1867, by

Agnew, J.—This is a bill for specific performance, setting forth a contract for the sale of a lot of ground at a stipulated sum, increased upon a contingency, alleged to have happened, to a greater sum ; averring the tender of a deed, and praying a decree for the payment of the balance unpaid, which is alleged to be $5195, with interest. The defendant demurred on the ground that the plaintiff had a full and adequate remedy at law ; and the only question for our decision is, whether under the equity powers conferred by the statute jurisdiction will be assumed in such a case, and a decree made for the payment of the unpaid purchase-money.

It is not to be doubted that it many cases in England, and in some in this state, a vendor may come into equity for specific performance to compel a vendee to pay purchase-money. Tiernan *et al. v.* Rowland *et al.*, 3 Harris 429 ; and Finley *v.* Aikin, 1 Grant 84, are examples in our own practice. But in no case in this court, so far as we have found, has a decree for specific performance been made in favor of vendor simply for the payment of money ; when there has been nothing else in the case than is ordinarily set forth in a declaration in debt, covenant or assumpsit to entitle a plaintiff to a judgment at law for the purchase-money. There are cases where a vendor, from a defect in his title, non-performance of covenant·in time, or other cause, is unable to come up to the legal standard of performance of his contract, but is still entitled to the aid of a court of equity ; or where the vendee is bound to do acts which a court of law cannot compel him specifically to perform, and where damages would be an inadequate substitute. In such cases the vendor's bill falls within the head of equity power given by the Act of 16th June 1836, " affording specific relief where a recovery in damages would be an inadequate remedy." Tiernan *et al. v.* Rowland *et al.*, *supra*, affords an illustration of the grounds on which such specific relief is granted. Finley *v.* Aikin, *supra*, is less positive in its character, and was the subject of a strong dissent and an able opinion by Black, J., in which Knox, J., concurred. But it is unnecessary to question the authority of that case, though decided by a bare majority, as it may be supported upon its special facts. The vendee there was bound to deliver his bonds and a mortgage to secure the deferred payments, which did not fall due until long after the time the vendor was to deliver a deed and possession. The vendor was not bound to deliver his deed without his security, and was not bound to wait until the last instalment fell due for full performance of the contract. He had a right to have his

5 P. F. Smith—25

[Kauffman's Appeal.]

contract closed according to its terms, and to the possession of his bonds and mortgage, which could be made available if he needed to raise money upon them. A court of law could not compel execution of the bonds and mortgage by the purchaser, and a verdict for each successive instalment would be an inadequate remedy. In Finley v. Aikin the bill was dismissed on its merits, so that the case is an authority only for this; that a bill for specific performance will be entertained on behalf of a vendor when his contract stands in need of the specific relief which a court of equity only can furnish. But where, as in the case before us, no decree is sought but one for the payment of money, which can be as readily recovered in an action at law, the case is not one of specific relief, and consequently does not fall within the equity head of granting relief where a recovery in damages would be an inadequate remedy. To allow a resort to equity in such a case would be to annul the legislation of the state, which confines the execution for debt to the property of the citizen, by extending to the plaintiff those remedies against the person which belong exclusively to a court of equity; in effect, to allow again imprisonment for debt. We think the bill set forth no sufficient ground for relief, and the decree of the court below is therefore annulled and set aside, and the plaintiff's bill dismissed with costs.