# Heckman's Estate.

*Equity—Specific performance—Mutuality—Agreements to sell real estate—Vendor and vendee—Act of June 16, 1836, P. L. 682.*

1. Where a contract is incapable of being specifically enforced against one party to it, that party is incapable of enforcing it against the other. A contract to be enforced specifically must be mutual both as to remedy and obligation.

2. Where articles of sale of real estate provide that if the vendee refuse to comply with the terms of the agreement the sum paid down shall be retained by the vendor, "as liquidated damages for the breach; and all other rights under this agreement shall be at an end;" the vendee, after the death of the vendor, cannot enforce specific performance against the latter's representatives. The only remedy of the vendee in such a case is an action to recover damages.

3. On an appeal from a decree of the Orphans' Court enforcing specific performance of contract the appellate court will consider a question neither discussed nor raised in the court below inasmuch as it is required by the Act of June 16, 1836, P. L. 682, to hear, try and determine the merits of such cases and to decree according to the justice and equity thereof.

Argued Feb. 26, 1912. Appeal, No. 231, Jan. T., 1911, by George A. Heckman, Executor of William A. Heckman, deceased, from decree of O. C. Berks Co., Jan. T., 1911, No. 31, enforcing specific performance in Estate of William A. Heckman, deceased. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Reversed.

Petition by vendee for specific performance of contract to sell real estate. Before BLAND, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the decree of the court.

*Joseph R. Dickinson,* for appellant.—Appellant could

not have specifically enforced and there is therefore no mutuality of remedy: Bodine v. Glading, 21 Pa. 50; Meason v. Kaine, 63 Pa. 335; Ballou v. March, 133 Pa. 64.

*Stephen M. Meredith,* for appellee.—Where a court of equity has general jurisdiction of the subject-matter, and has assumed jurisdiction, the defendants cannot object for the first time in the Supreme Court that the plaintiffs did not allege that they had exhausted their legal rights against the defendants: People's Nat. Bank of Pittsburgh v. Loeffert, 184 Pa. 164.

OPINION BY MR. JUSTICE STEWART, April 29, 1912:

This was a proceeding in the Orphans' Court begun by the appellee here, John Witman, a vendee, to compel specific performance of a written contract entered into between himself and one William A. Heckman, whereby the latter covenanted to sell and convey to the former a certain tract of land in Robeson township, Berks county. Heckman having died, his personal representative was the party proceeded against. A decree for the specific performance of the contract followed, from which decree this appeal is taken. The case presents a single question, and it is only necessary to indicate the particular features of the contract, which are important in connection therewith. The contract was executed 21st October, 1910. It provides that the deed was to be delivered and possession given on or before 11th January, 1911. The consideration to be paid by Witman was $2,800, in manner following, $200 on the execution of the contract—acknowledged to have been paid —$1,300 on delivery of the deed, and the balance on 1st April, 1911, to be secured by mortgage on the premises. Then follows this provision: "And in the event of the second party refusing to comply with the terms of this agreement the sum paid down shall be retained by the said William A. Heckman as liquidated damages for

the breach; and all other rights under this agreement
shall be at an end and the said William A. Heckman,
for the true performance of all the covenants of this
agreement, acknowledges himself to be bound to the
said party of the second part in the sum of two hun-
dred dollars to be recovered as liquidated damages for
his failure to perform the covenants herein." With
this provision in the contract, could Heckman or his
representative, Heckman having died, have required
specific performance against Witman, had the latter de-
faulted? If in that case specific performance must have
been denied, it necessarily follows that it must be de-
nied here; for nothing is better settled than the rule
that where a contract is incapable of being specifically
enforced against one party to it, that party is incapable
of enforcing it against the other. A contract to be en-
forced specifically must be mutual both as to remedy
and obligation: Bodine v. Glading, 21 Pa. 50. Had the
contract in this case provided simply for the forfeiture
of the hand-money paid by the vendee in case of the
latter's failure to keep his covenants, the question then
would have been whether the provision for the for-
feiture of the $200 was intended to secure the per-
formance of the contract, or whether it was one of two
things over which the vendee had the right of election,
the performance of his covenants or the loss of the
money paid. If the former, the right of the vendor to
enforce performance would remain; otherwise, if the
latter. But, in view of the provision in the clause above
quoted, that in case forfeiture occurs, "all rights under
this agreement shall be at an end," no such question
can here arise. Had the default been that of the vendee,
and the vendor had undertaken to specifically enforce,
he would at once have been met with the answer from
the vendee, "All rights under the contract are at an
end. I cannot recover back the money I paid you; no
more can you demand anything further of me; our con-
tract has been fully executed in one of two ways ex-

pressly provided for." What reply could be made to this, or what possible ground for contention could remain? There can be no other conclusion than that the parties to this contract mutually waived their right to a specific performance of it, and limited the remedy to recovery of damages.

It should be said in justice to the learned judge of the Orphans' Court that this feature of the case was suggested for the first time on the hearing of this appeal. The point was neither discussed nor raised in the court below. We have considered it here only because the law requires it of us. The Act of June 16, 1836, P. L. 682, makes it our duty in all cases of appeal from the several Orphans' Courts, to hear, try and determine the merits of such cases, and to decree according to the justice and equity thereof. The enforcing of specific performance of a contract is a matter resting exclusively in equity, and is allowed only when the equitable right to it has been made to appear. In this case it is evident that no such right existed, and the petition should have been dismissed. The first assignment of error complains of the decree itself. It is sustained, and the decree accordingly reversed at cost of appellant.