Heights Land Company, Appellant, *v.* Swengel's Estate et al.

Argued May 14, 1935. Before SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Cloyd Steininger*, with him *Charles W. Kalp, Andrew A. Leiser, Jr.,* and *Beall & Farish,* for appellant.

*Harry M. Showalter,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, June 29, 1935:

This action of assumpsit was brought to recover the balance of the purchase price of real estate located in the State of Florida. To the statement of claim filed, in which the written contract of sale was embodied, the defendant executors filed an affidavit of defense in the nature of a demurrer. The court below concluded that, owing to the long lapse of time before suit brought, and plaintiff not having averred the tender of a deed, or any facts which would relieve it of a tender, no sufficient cause of action was set forth and entered judgment for defendants, from which action plaintiff appeals.

On April 9, 1926, Ida V. Swengel entered into the contract in question with plaintiff for the purchase of certain lots in West Palm Beach. The total price to be paid was $38,100. At the time of signing the agreement she

paid $3,810. The remainder was to be paid in nine quarterly installments, the last of which was due on July 9, 1928. She made no other than the first payment, and died May 22, 1933. Not until May 17, 1934, after her death, and almost eight years after her first default in payment, was this suit brought. Under such circumstances, it is clear that it is now too late for plaintiff to recover the balance of the purchase price.

The action at law in assumpsit for the purchase price is a familiar remedy available, under our blended system of law and equity, to the vendor of land as a substitute for a bill in equity for specific performance of the contract of sale. Indeed, by an application of the rule that equity will not act where there is an adequate remedy at law, a bill in equity whose object is simply to enforce payment of the purchase money will not be entertained: Kauffman's App., 55 Pa. 383; Dech's App., 57 Pa. 467; Smaltz's App., 99 Pa. 310; Dorff v. Schmunk, 197 Pa. 298. The same principles which govern the remedy in equity apply with equal force to the remedy at law. As we said in Black v. American International Corp., 264 Pa. 260, 264, "An action for the purchase money of land is in legal effect a petition or bill for specific performance of the contract of purchase, and is governed by the same equitable principles." To the same effect may be cited: Nicol v. Carr, 35 Pa. 381; Herzberg v. Irwin, 92 Pa. 48; Keily v. Saunders, 236 Pa. 593; Hoover v. Pontz, 271 Pa. 285; Coates v. Cotteral, 290 Pa. 237; McClenachan v. Malis, 310 Pa. 99.

One such equitable principle is that a contract to be enforced specifically must be mutual both as to remedy and obligation; that where a contract is incapable of being specifically enforced against one party to it, that party is incapable of enforcing it against the other: Bodine v. Glading, 21 Pa. 50; Heckman's Est., 236 Pa. 193. Thus, recovery of the purchase money will be denied where the defendant could not have obtained specific enforcement of the contract: Meason v. Kaine, 63 Pa. 335; Sands,

Herdic & Co. v. Arthur, 84 Pa. 479. Of course, if either party wishes to enforce the contract, he must move to do so without unreasonable delay after the time for completed performance of the contract has passed; if he is guilty of lack of due diligence in failing to institute or prosecute his proceeding, the equitable doctrine of laches will apply: DuBois v. Baum, 46 Pa. 537; Kutz's Est., 259 Pa. 548; Fidelity-Phila. Trust Co. v. Simpson, 293 Pa. 577, 585. These well-settled principles are conclusively determinative of the instant case.

By its terms, the contract was to be finally completed in July, 1928. This action was begun in May, 1934, over eight years after the first and only payment was made and nearly six years after performance of the contract was to be completed. Certainly it cannot be said that under these circumstances plaintiff exercised due diligence in seeking to enforce performance. Regardless of whether time was of the essence of the contract or not there can be no question that such extreme delay is sufficient to bar any action. Defendant could not, after such delay, have required plaintiff to sell her the property (DuBois v. Baum, supra), and, on the basis of mutuality, if no other, defendant cannot obtain specific performance. To permit plaintiff to recover in face of such gross laches and delay would be inequitable and unjust; it would be a perversion of the equitable nature of the action which it seeks to employ.

It is equally well established that a tender of performance on the part of plaintiff is prerequisite to a decree for the specific performance of a contract for the sale of real estate (DuBois v. Baum, supra; Kutz's Est., supra; Girard Mammoth Coal Co. v. Raven Run Coal Co., 275 Pa. 439); he who seeks equity must do equity. The party having allowed the time for performance to pass, the covenant by the vendee to pay and that of the vendor to convey became mutual and concurrent promises; whichever party thereafter desired to enforce performance was bound to regard compliance with his part of

the contract as a condition precedent, and tender performance thereof: Irvin v. Bleakley, 67 Pa. 24, 28; Adams v. Williams, 2 W. & S. 227. Thus an action to compel payment of the purchase money cannot be maintained by the vendor without tender of a conveyance before suit brought: Adams v. Williams, supra; Cassell v. Cooke, 8 S. & R. 268, 292; Withers v. Atkinson, 1 Watts 236, 246; Smith v. Webster, 2 Watts 478, 486; Love v. Jones, 4 Watts 465, 473; Brown v. Metz, 5 Watts 164, 170; Hamilton v. Crossman, 130 Pa. 320; Lefferts v. Dolton, 217 Pa. 299; Kutz's Est., supra; Restatement, Contracts, section 268. With this requirement plaintiff did not comply. The statement of claim does not aver tender of a deed; all that it sets forth is the veiled averment that "The plaintiff has always been and still is ready, willing and able to perform its agreement." This was not sufficient to sustain this action; the bare averment of readiness and willingness to perform cannot be erected by construction into an averment of tender of full performance.

Judgment affirmed.