## Berman et ux. v. Pollitt et ux.

*M. B. Riskin*, for plaintiffs.

*Snyder, Wert & Wilcox*, for defendants.

HENNINGER, P. J., July 25, 1955.—Plaintiffs brought this bill for specific performance of a contract for the exchange of real estate between themselves and defendants, involving the payment by defendants of an additional sum of $15,000 in cash.

The agreement calls for settlement 30 days after execution of the agreement (November 9, 1954) which time was declared to be of the essence of the agreement unless extended by mutual consent in writing endorsed on the contract.

The complaint alleges that the parties, "through their duly constituted agents, set December 9, 1954, at 2:00 p.m. as the time and the office of Attorney Karl Y. Donecker as the place for settlement", but that defendants requested continuance for several days in which plaintiffs acquiesced.

Paragraph 8 of the complaint avers:

"That thereafter plaintiffs made repeated demands upon defendants to set a date and place for settlement and conveyance of the said premises but the defendants avoided plaintiffs and their duly constituted agents and attorney."

Defendants filed preliminary objections (1) by way of motion for a more specific statement because there is no identity of the agents and because of lack of specification of the efforts made by plaintiffs to fix a date for settlement or of defendants' moves to avoid plaintiffs' agents, and (2) by way of demurrer because of lack of allegation that plaintiffs tendered performance prior to bringing suit.

On the demurrer, defendants cite Heights Land Co. v. Swengel's Estate et al., 319 Pa. 298, and Cohn v.

Weiss et ux., 356 Pa. 78, to the effect that the moving party to compel specific performance must do more than merely state that he is ready and willing to perform, but that he must have actually tendered performance on his part before he can ask to have the other party held in default.

Plaintiffs counter with Detwiler et al. v. Capone et ux., 357 Pa. 495, which advances the familiar doctrine (page 504) that a tender of performance before commencing proceedings for specific performance is not necessary where defendants without any default of plaintiffs have refused absolutely to perform, because the court will not require the doing of a vain and futile act: Erkess v. Eisenthal, 354 Pa. 161, 164.

· We turn back therefore to paragraph 8 of plaintiffs' complaint to discover whether defendants' conduct amounted to a refusal to perform. We find that paragraph extremely vague. It states that plaintiffs "made repeated demands", but that "defendants avoided plaintiffs".

If demands were actually "made" as averred, then plaintiffs must have been in contact with defendants, despite any attempts at avoidance. In our opinion, the paragraph is too vague to enable us to determine that circumstances exist which would excuse plaintiffs from tendering performance prior to beginning suit.

We shall not, however, sustain the demurrer, because if the paragraph is made more explicit it may develop such facts.

We are compelled, however, to sustain the objection by way of motion for a more specific complaint. We agree with defendants that it is immaterial with what duly constituted agents the date of settlement was fixed since the complaint states that defendants asked for a later date.

There must be greater particularity, however, as to the nature and content of plaintiffs' demands to set a

date and the nature of defendants' replies, if any, so that we may determine whether or not plaintiffs were justified in believing that any tender of performance would have been a vain or futile act.

Now, July 25, 1955, defendants' preliminary objection by way of demurrer is overruled and their preliminary objection by way of a motion for a more specific complaint is sustained and it is ordered that plaintiffs file a more specific complaint in accordance with the foregoing opinion within 20 days after service of this order upon their counsel.