## Susquehanna Estates v. Walker

*John C. Dowling,* for plaintiff.
*Richard Kearns* and *Edw. E. DePaul,* for defendants.

HERMAN, J., December 8, 1969.—We have for consideration here defendants' preliminary objections in the nature of a demurrer to plaintiff's complaint in equity seeking specific performance of a contract for the sale of land.

The relevant facts sufficiently pleaded in the complaint and the inferences fairly deducible therefrom which must be deemed admitted by defendants for the purpose of this proceeding[1] are these:

On March 7, 1969, defendants entered into a contract for the sale of 2010 Kohn Road, Susquehanna Township, Dauphin County, Pa., to Edwin S. Weber, Jr., and his wife, plaintiff's assignors, for the sum of $160,000. Five thousand dollars was delivered to defendants' attorney to be held in escrow according to the terms of the agreement; an additional $10,000 was likewise delivered to defendants' attorney according to the terms of the agreement; and a "firm commit-

---

[1] Eden Roc Country Club v. Mullhauser, 416 Pa. 61 (1964); Bogash v. Elkins, 405 Pa. 437 (1961); Adams v. Speckman, 385 Pa. 308 (1956); Gardner v. Allegheny County, 382 Pa. 88 (1955); Narehood v. Pearson, 374 Pa. 299 (1953).

ment" from an insurance company committing that company to lend to Edwin S. Weber, Jr., and his wife, secured by a first mortgage on the premises in question, the sum of $115,000 also in accordance with the agreement was duly delivered to the said attorney. Plaintiff,[2] the assignee of the Webers, has at all times been ready and willing to comply with the terms of the agreement, and on June 20, 1969, tendered the balance of the purchase price to the attorney for defendants and duly appeared for settlement; all in accordance with the terms of the agreement. Defendants failed and continue to fail to convey the premises as they had agreed to do; hence, this suit.

Defendants aver that plaintiff's complaint fails to state a claim upon which relief in the form of specific performance can be granted, because the contract upon which the cause of action is based does not provide both parties with the right to specific performance but confines the sellers, the defendants, to money damages with the result, say defendants, that there is no mutuality of remedy. In support of this argument defendants rely basically on Heckman Estate, 236 Pa. 193 (1912), which has never been specifically overruled in Pennsylvania, but neither has it ever been cited, and later cases we believe have overruled it in principle.

Heckman's Estate held, p. 195, that "nothing is better settled than the rule that where a contract is incapable of being specifically enforced against one party to it, that party is incapable of enforcing it against the other. A contract to be enforced specifically must be mutual both as to remedy and obligation." On the other hand the later case of Driebe v.

---

[2] Plaintiff, Susquehanna Estates, is a partnership composed of Edwin S. Weber, Jr., Sheldon M. Bonovitz, and Richard F. Friedman, and the assignment to this plaintiff and Susquehanna Estates' right to be the party-plaintiff has not been questioned.

Fort Penn Realty Company, 331 Pa. 314 (1938), adopted section 372 of the Restatement, Contracts as the law of Pennsylvania. "The fact that the remedy of specific enforcement is not available to one party is not a sufficient reason for refusing it to the other party." The reason for this rule is well explained in "a." of the comment to section 372(1) in the restatement, which reads, in part, as follows:

"The law does not provide or require that the two parties to a contract shall have identical remedies in case of breach. A plaintiff will not be refused specific performance merely because the contract is such that the defendant could not have obtained such a decree, had the plaintiff refused to perform prior to the present suit. It is enough that he has not refused and that the court is satisfied that the defendant is not going to be wrongfully denied the agreed exchange for his performance. The substantial purpose of all attempted rules requiring mutuality of remedy is to make sure that the defendant will not be compelled to perform specifically without good security that he will receive specifically the agreed equivalent in exchange. . . ."

In the case before us, defendants have already received through their attorney the "agreed equivalent," or security that they would receive it.

Williston, Contracts §1440, p. 936 (3d ed. 1968), in speaking on this same point said: "For example, when the party seeking specific performance has fully performed, or is now tendering complete performance, it is clear specific performance should be granted."

In Erkess v. Eisenthal, 354 Pa. 161 (1946), in a fact situation similar to that in the instant case, the court, in granting to the vendee specific performance of a contract to convey land, said, page 164: "The assertion that there is no mutuality of remedy is without

foundation. Mutuality of obligation is one thing; mutuality of remedy another. The parties became mutually obligated to each other and each had a remedy."

Here in the record before us, plaintiff has tendered in full the purchase price and stands ready to perform all of its obligations under the contract. Its complaint states a claim upon which specific performance might be granted if not sufficiently controverted. The demurrer must be overruled.

## ORDER

And now, December 8, 1969, defendants' preliminary objections in the nature of a demurrer are overruled. Defendants may plead over within 20 days from the date hereof.