384 A.2d 1209

**Samuel TRACHTENBURG and Celia Trachtenburg, his wife, Irwin A. Saron and Miriam Saron, his wife, Herman Saron and Idwona Saron, his wife,**

v.

**SIBARCO STATIONS, INC., Appellant.**

**Ludwig BAUM and Margarete Baum, his wife,**

v.

**SIBARCO STATIONS, INC., Appellant.**

**Jacob HEPPS and Mary Hepps, his wife, and Samuel W. Hepps and Florence R. Hepps, his wife,**

v.

**SIBARCO STATIONS, INC., Appellant.**

Supreme Court of Pennsylvania.

Argued March 7, 1977.

Decided April 28, 1978.

518

Wright & Rundle, George I. Minch, Pittsburgh, for appellant.

Lawrence W. Kaplan, Paul H. Titus, Jon G. Hogue, Kaufman & Harris, Pittsburgh, for appellees at No. 113.

Nick C. King, Pittsburgh, for appellees at No. 114.

J. Jerome Mansmann, McVerry, Baxter, Cindrich, Loughren & Mansmann, Pittsburgh, for appellees at No. 115.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

Appellant, Sibarco Stations, Inc., entered into agreements with appellees to purchase contiguous parcels of real estate in Homestead, Pennsylvania, for the purpose of constructing a service station. The purchase of each parcel was contingent, *inter alia* ; upon the consummation of all the purchas-

es; upon the premises being free and clear of all leases; and upon appellant's receipt of the necessary permits for construction. Nearly six months after accepting appellees' offer, but before a closing date was agreed upon, appellant informed appellees it was cancelling the agreement because it was unable to obtain the permits necessary to construct a gasoline service station.

Each of the appellees filed a complaint in equity asking for specific performance of the contracts of sale. Some of the appellees also sought money damages for loss of rental income, maintenance costs, and certain demolition costs. Appellant filed preliminary objections to each of the complaints on the ground that equity jurisdiction should not obtain because appellees sought money damages only and had a complete and adequate remedy at law.

The three cases were eventually consolidated for trial, and on January 21, 1975, Judge Louik, sitting as Chancellor, issued a decree ordering specific performance of the contracts. In addition, those appellees who had sought damages were awarded damages plus interest. The Superior Court affirmed per curiam. 238 Pa.Super. 727, 356 A.2d 819 (1976). We granted appellant's petition for allowance of appeal and this appeal followed. (All three cases were consolidated for oral argument and are before us on this appeal).

Appellant raises five assignments of error in this appeal. Appellant first renews its jurisdictional challenge, arguing that appellees have an adequate remedy at law and hence the case should have been certified to the law side of the Court. Appellant's second claim is that the Chancellor improperly interpreted the sales contract. Appellant contends that it was entitled to cancel the sales agreement because the agreement required only that appellant apply for a building permit, which was denied. Third, appellant argues that because the Trachtenburgs' property was encumbered by a lease, and the contract required appellees to convey title free of any leases, appellees were not "ready, willing, and able" to tender performance which is a prerequisite to

specific performance of the agreement. Fourth, appellant claims that the Chancellor erred in refusing to admit evidence relevant to the existence of the lease. Lastly, appellant argues that the damages for demolition costs awarded to certain of the appellees were neither contemplated nor foreseeable and hence not recoverable.

We need only address appellant's first argument, for we agree this was not a proper case for the exercise of the court's equity powers. We therefore reverse the Chancellor's order and remand the case to the law side of the trial court, making it unnecessary to consider appellant's other assignments of error at this time.

Appellant's jurisdictional argument is that appellees have an adequate remedy at law and hence the equitable remedy of specific performance was improperly granted. Appellant characterizes appellees' suit as one to obtain the purchase price under the agreements, argues that such relief is no more than a suit for money damages alone, and contends that these should therefore have been certified to the law side of the trial court. To support its conclusion that equity did not have jurisdiction in this case, appellant relies principally on *Kauffman's Appeal*, 55 Pa. 383 (1867), where one hundred eleven years ago, this Court held that a seller of real estate cannot get specific performance of a contract to convey land if the seller only seeks the payment of the purchase price. *See also Heights Land Co. v. Swengel's Estate*, 319 Pa. 298, 179 A. 431, 432 (1935) (dictum) (citing *Kauffman* for the proposition that when a buyer breaches a contract to purchase real estate, a seller's suit in equity, the object of which is simply to enforce payment of the purchase price, will not be entertained).

Appellees concede the general statement of Pennsylvania law that a seller who seeks only the purchase price has an adequate remedy at law. They contend, however, that this principle is not applicable in the present case because appellees seek more than money damages; they seek to force appellant to accept appellees' deeds; they also seek authorization for the escrow agent to dispose of funds deposited

with it and "all other relief necessary to effect the settlement." Appellees thus argue their remedy at law is not adequate, and that the Chancellor's invocation of equity powers was a sound exercise of judicial discretion that should not now be disturbed.

We agree with appellant that under the facts of this case, appellees have an adequate remedy at law, and that the trial court erred in invoking its equity jurisdiction. The basic relief sought by appellees is payment of the purchase price, and a review of the remedies available in this Commonwealth to a seller of land when the buyer repudiates the contract makes it clear that these proceedings should have been certified to the law side of the court.

■ In Pennsylvania, a seller of real estate has three remedies available when a buyer repudiates the contract. One, the seller can sue at law for damages, the measure of damages being the full contract price minus the market value of the land on the date of breach, less any payments received. *See McConaghy v. Pemberton*, 168 Pa. 121, 31 A. 996 (1895); *Harris v. Harris*, 70 Pa. 170 (1871); 5 Corbin on Contracts § 1098A (1951). *See generally* 32 P.L.E. *Sales of Realty* § 171 (1960), and cases cited therein.

■ Two, in limited situations, specific performance might be available to a seller who could show that the legal remedies were not sufficient to put the seller in the same position as if the buyer had not breached the contract. Although at least one early case intimated that specific enforcement was available to a seller as a matter of course so long as good title could be conveyed, *Moss v. Hanson*, 17 Pa. 379, 382 (1851), *Kauffman's Appeal, supra*, 55 Pa. 383 (1867), established the rule that where the action for specific performance is simply to recover the purchase price, and nothing in the circumstances of the case require the aid of chancery to give effect to the contract, equity will not entertain it. *See also Heights Land Co. v. Swengel's Estate, supra*, 319 Pa. 298, 179 A. 431 (1935); *Dorff v. Schmunk*, 197 Pa. 298, 47 A. 113 (1900); *Dech's Appeal*, 57 Pa. 467 (1868). The outstanding example of a situation where a seller *would*

be entitled to specific performance is *Finley v. Aiken*, 1 Grant, Cas. 83 (Pa.1855). In *Finley*, the vendee was contractually bound, as part of the transaction, to deliver bonds and a mortgage in order to secure deferred payments. Specific performance was granted because the seller sought more than the purchase price (delivery of a mortgage), and the contract stood "in need of the specific relief which a court of equity only can furnish." *Kauffman's Appeal, supra*, 55 Pa. at 306. Although *Finley* was distinguished in *Kauffman's Appeal*, we have expressly limited *Finley* to its particular facts, *Dorff v. Schmunk*, 198 Pa. 298, 47 A. 113 (1900), and our research does not disclose a single case in this Commonwealth since *Finley* in 1855 in which a vendor's equitable bill to specifically enforce a real estate contract was entertained.

▉ The reason the equitable remedy of specific performance has been unavailable to a seller of real estate in this Commonwealth is that the functional equivalent of specific performance—an assumpsit action at law for the purchase price of the land and other damages—is a third remedy which has always been available to the seller in our common law courts. *See Freeman v. Lawton*, 353 Pa. 613, 46 A.2d 205 (1946); *Heights Land Co. v. Swengel's Estate*, 319 Pa. 298, 179 A. 431 (1935); *Tripp v. Bishop*, 56 Pa. 424 (1868). *See generally* 32 P.L.E. Sales of Realty § 173 (1960), and cases cited therein. Implicit in our cases refusing specific performance is the recognition that because an action at law for the price was available to the seller, and such an action is, in effect, an action for specific performance, this legal remedy was indeed adequate. The principle is best expressed by a leading commentator on contract law:

"It is clear that, if the common law court [enables] the vendor to maintain a debt action for the full price, as well as for damages  .  .  ., his remedy at law should be regarded as complete and adequate. Judgment for the full price is identical with a decree for specific performance." 5A *Corbin on Contracts* § 1145, at 139 (1964) (footnote omitted).

*See also Freeman v. Lawton*, 353 Pa. 613, 615–16, 46 A.2d 205, 206 (1946).

■ Because we seek to ensure that a party's legal remedy is adequate before we deny the aid of equity, and because of the similarity between an action for the purchase price and a bill for specific performance, we have gone so far as to hold that the same equitable principles applicable to a bill for specific performance apply to an action at law for the purchase price. *Freeman v. Lawton, supra,* 353 Pa. at 615–16, 46 A.2d at 206; *Black v. American International Corp.,* 264 Pa. 260, 264, 107 A. 737, 739 (1919), *cited in Heights Land Co. v. Swengel's Estate,* 319 Pa. 298, 300, 179 A. 431, 432 (1935). Because we apply equitable principles does not, however, alter the fact that the proceeding is one for the law side of the court, with the defendant entitled to have the case decided by a jury. A defendant's right to have a jury as the ultimate finder of fact, a right not available in equity (*see* Pa.R.Civ.P. 1513) is an important right not to be lightly regarded. This right was denied appellant when its preliminary objections to the court's equity jurisdiction were dismissed.

■ We are satisfied from a review of the record that appellees have a remedy at law that is adequate and complete. Appellees claim their remedy at law is not adequate because they seek more than the purchase price; specifically, that the deed be transferred and that the $1,000 deposited in escrow by appellant be settled. Appellees do not contend, however, that this relief cannot be granted as incident to a judgment at law requiring appellant to pay appellees the unpaid purchase price. The $1,000 in escrow is nothing more than part of the purchase price, and since equitable principles would be fully applicable to appellees' action, *e. g., Freeman v. Lawton, supra,* it seems clear the trial court cannot enter judgment in favor of appellees unless its order is conditioned upon appellees transferring the deeds to the three parcels of real estate; appellees should not be permitted to recover the purchase price and still retain ownership of the three contiguous parcels. In summary, all the relief sought by appellees, including damages, are recoverable at law.

Appellees also argue that their legal remedy is inadequate because the parcels are in a depressed neighborhood and hence damages would be difficult to assess. Appellees also cite their expressed desire to be relieved of the burden of land ownership. These arguments would be persuasive if the only remedy available to appellees was damages measured by the difference between contract price and market value. If appellees' remedies were so limited, the argument can be made that appellees should be entitled to specific performance. *See Restatement of Contracts* § 360 & Comment (c) (1932); 5A *Corbin on Contracts* § 1145, at 142 (1964). As stated above, however, Pennsylvania law does not limit appellees to this remedy, and should it be decided on remand that appellant did in fact wrongfully repudiate the sales agreement, and that appellees are otherwise entitled to relief, awarding appellees the purchase price plus any other established damages, will put them in as good a position as if appellant had honored the contract. Their legal remedy is therefore adequate.

The order of the Superior Court and the decree of the Court of Common Pleas are vacated and the case is remanded for proceedings consistent with this opinion. Each party pay own costs.

EAGEN, C. J., dissents.