Gary M. LARWOOD, Carol Larwood, Arnold M. Johnson, and Florence Johnson, Plaintiffs,

v.

Joseph E. PROFOZICH and Rose Marie Profozich, Defendants.

Civ. A. No. 84–2559.

United States District Court, W.D. Pennsylvania.

July 25, 1985.

David B. Buerger, Pittsburgh, Pa., for plaintiffs.

Robert S. Adams, Pittsburgh, Pa., for defendants.

## OPINION AND ORDER

GERALD J. WEBER, District Judge.

Defendants have moved for summary judgment, or in limine, upon the following set of undisputed facts. We made the following conclusions of law thereon.

Plaintiffs as sellers and defendants as buyers entered into Articles of Agreement for the purchase of real estate. The agreement provided for payment in installments, with the balance to be paid within one year after notice. Notice was given and the buyers failed to pay the balance. Buyers are also delinquent in installments and payment of taxes.

Sellers offered to take back a purchase money mortgage at the current market rate of interest. Buyers refused to pay this rate of interest. Buyers have tendered a return of the property which sellers refuse.

The balance due on the articles of agreement is in excess of 75% of the purchase price.

There is no genuine issue of material fact.

Sellers have sued for the balance of the purchase price which is the same as an action for specific performance. Sellers rely on *Trachtenburg v. Sibarco Stations, Inc.*, 477 Pa. 517, 384 A.2d 1209 (1978) which allows this remedy for breach of a contract to buy real estate. We find this remedy unavailable here because *Trachtenburg* was a suit for breach of a sales agreement and did not involve an installment sale.

We find the sellers' remedies here entirely controlled by the Pennsylvania "Installment Land Contract Law" of 1965, 68 P.S. 901 *et seq.* which limits a sellers remedies. The declaration of policy for that statute, Section 902, states that it defines what constitutes default and provides remedies for the same and provides proper provisions for final settlement and delivery of good title to the purchaser.

The remedy which sellers seek is set forth in Section 907(a)(2) (second paragraph) of the Act, as follows:

Seller shall not require purchaser to make settlement until the principal balance has been reduced by payments on account thereof to a sum not more than seventy-five percent of the original principal set forth in the installment land contract, except if seller agrees to take purchaser's purchase money mortgage for the full balance of the principal then due or secures a mortgage for the full balance of the principal then due from a third party, said mortgage to be payable within a term of not less than ten years.

The sellers offered to take a mortgage at the then current market rate. No other details were specified, but buyers rejected this offer because of the interest rate. We find no support for a rejection on this basis. Sellers now withdraw this offer, but this is a condition of the Act, and if sellers now demand settlement they are entitled to specific performance upon the tender of a deed and the offer to take buyers' purchase money mortgage at the current market rate for a term of not less than ten years.

Sellers have other remedies here under Section 907(b) for default in the payment of any installment, or the payment of assessments, or for repairs made by sellers. These are limited to termination of the contract, recovery of possession and the recovery of unpaid installments, assessments and repairs. The sellers do not seek these remedies.

Finally, the damages for breach of an installment land contract are limited by the provisions of Section of 905(e):

(e) In any action by the seller to recover damages for a breach of any installment land contract, the seller shall be entitled to recover damages for all losses resulting from the breach, including but not limited to the excess of the contract price over the market price at the time of breach, the unpaid installment payment due prior to the surrender of the dwell-

ing by the purchaser, the value of repairs made by the seller prior to the surrender whenever the purchaser is responsible for the repairs, and the cost of any actual repairs made by the seller subsequent to the surrender of the premises which repairs become necessary by reason of damage done by the buyer or the vandalism of the premises prior to the actual delivery of possession to the seller, and any assessments for public improvements. The unpaid balance of the purchase price shall not be considered an item of recoverable damages.

Therefore, in the present case, we find that the sellers' remedies are limited to:

(1) Specific performance under Section 907(a)(2) or

(2) An action for damages limited by Section 905(e).

The trial of the action will be governed by the conclusions of law made herein.