J-S08034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KATHY PLUMMER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALYSHA NICOLE HOACHLANDER AND | : | |
| ELIZABETH RAE HOACHLANDER | : | |
| | : | No. 1534 MDA 2023 |
| Appellants | : | |

Appeal from the Judgment Entered January 16, 2024
In the Court of Common Pleas of York County Civil Division at No(s):
2022-SU-002059

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED APRIL 29, 2024**

Appellants Alysha Nicole Hoachlander and Elizabeth Rae Hoachlander appeal from the judgment entered by the Court of Common Pleas of York County in favor of Appellee Kathy Plummer. After careful review, we affirm.

The trial court summarized the factual background of the case as follows:

> On May 3, 2015, [Appellants] entered into a written Agreement of Sale for real property with [Appellee]. The property to be exchanged was 1622 Monroe St., York, York County, Pennsylvania. The terms of the sale were a sale price of $84,000, with settlement to take place within one year. [Appellants] paid a deposit of $4,000 at the time of execution of the Agreement of Sale. Notably, settlement was not contingent on [Appellants] obtaining financing.
>
> Settlement did not take place within the one year provided for in the Agreement of Sale, however, the parties executed an

_____

[*] Former Justice specially assigned to the Superior Court.

Addendum on May 1, 2016, which: 1) lowered the sales price to $83,000; 2) recognized an additional $40,000 paid by [Appellants]; and 3) extended the settlement date until May 2, 2017. Otherwise, the Addendum reaffirmed all the original terms of the Agreement of Sale.

Additionally, on April 30, 2016, [Appellants] and [Appellee] entered into a residential lease agreement for the same property. The lease agreement had a term of one year, or until April 30, 2017, and stated it was non-renewable. [Appellants] were to pay [Appellee] $800 in rent as well as paying certain utilities related to the property. Lastly, the lease provided [Appellee] could enter on the property for certain purposes with 24 hours' notice to [Appellants].

In late April and early May of 2017[,] [Appellants] neither consummated the purchase of the property in accordance with the Agreement of Sale and Addendum nor vacated the property as the term of the written lease expired. [Appellants] continued to live in the property and paid rent, which, at some point, changed from $800 per month to $900 per month until May 1, 2022, when the monthly rent was increased to $1,100 per month. By the end of May of 2022, [Appellants] were delinquent on their rent payments, causing [Appellee] to issue a Notice to Quit on May 24, 2022. In addition to the late rent, [Appellants] had refused entry to [Appellee] and to West York Borough on several occasions, which ultimately led to the Borough taking action to deem the property uninhabitable.[1]

Trial Court Opinion (T.C.O.), 11/30/23, at 1-2.

In light of Appellants' nonpayment of rent and the damages to the property, on June 29, 2022, Appellee filed for eviction in the magisterial district court. Appellants asserted that they had a right to buy the property and were not merely renting it. The magisterial district judge dismissed the action, finding a lack of jurisdiction over a lease-to-own agreement.

_____

[1] We need not discuss the details regarding the extensive damages to the property as Appellants do not challenge the trial court's findings of fact with respect to damages.

After appealing to the Court of Common Pleas, Appellee filed a complaint on September 16, 2022 and an amended complaint on September 30, 2022, with counts of eviction, ejectment, and unjust enrichment. On October 26, 2022, Appellants filed their Answer and New Matter, claiming, *inter alia*, that they had equitable title to the property based on their allegation that the parties had extended the Agreement of Sale and the residential lease. In Appellants' New Matter, Appellants argued that Appellee should not be permitted to retain the $40,000 payment Appellants paid at the execution of the Addendum to the Sales Agreement in exchange for the extension of time to complete the purchase of the property.

The parties proceeded to a bench trial which was held on June 22, 2023 and August 1, 2023. At the conclusion of the trial, the trial court indicated on the record that Appellants' claim for the return of the $40,000 payment under the Addendum to the parties' Agreement of Sale was barred by the four-year statute of limitations pertaining to actions on a contract. The trial court also indicated that even if Appellants' claim was not time-barred, Appellants were not entitled to the return of the $40,000 as they failed to complete the purchase of the home in the timeline provided by the Agreement of Sale and Addendum, which authorized Appellee to retain the deposits paid by Appellants as liquidated damages.

On August 2, 2023, the trial court entered a verdict in favor of Appellee awarding $17,470.85 in damages along with outstanding rent for a total award of $29,963.85. On August 10, 2023, Appellants filed a post-trial motion. On

October 10, 2023, the trial court entered an order denying Appellants' post-trial motion.

On November 9, 2023, Appellants purported to appeal from the trial court's order denying their post-trial motion.[2]  As the trial court had never entered judgment in favor of Appellee, this Court entered an order on January 11, 2024, directing Appellants to *praecipe* the trial court for entry of judgment and to file with this Court's Prothonotary a certified copy of the trial court docket reflecting entry of the same.  Appellants provided this Court with a copy of the trial court docket reflecting that judgment had been entered on January 16, 2024, thereby perfecting this Court's jurisdiction.[3]

Appellants raise the following issues for our review on appeal:

A. Did the lower court err in rejecting [Appellants'] claim for the return of the $40,000.00 deposit asserting that the claim for $40,000.00 was barred by the Statute of Limitations irrespective of the fact that [Appellee] had not raised that the Statute of Limitations in her Reply to New Matter on November 4, 2022 or in any other Pleading or Presentation to the Court?

---

[2] Orders denying post-trial motions are interlocutory and not ordinarily appealable.  ***Becker v. M.S. Reilly, Inc.***, 123 A.3d 776 n.1. (Pa.Super. 2015).  Rather, the subsequently entered judgment is the appealable order.  ***Id***.  Our courts have held that "the entry of an appropriate judgment is a prerequisite to this Court's exercise of jurisdiction." ***Melani v. Northwest Engineering, Inc.***, 909 A.2d 404, 405 (Pa.Super. 2006).

[3] ***See Morgan v. Millstone Res. Ltd.,*** 267 A.3d 1235, 1238 n.1 (Pa.Super. 2021) (noting that jurisdiction may be perfected after filing of appeal and upon docketing of final judgment); Pa.R.A.P. 905(a)(5) (providing notice of appeal filed after decision but before the entry of an appealable order shall be treated as filed after such entry and on day thereof).  We changed the caption to reflect that the appeal was taken from the judgment entered on January 16, 2024.

B. Did the lower court err in determining that [Appellants'] Contract to Purchase had expired on May 2, 2017 and that the starting period for the bringing of the action to recover the deposit began in 2017 rather than 2022 when [Appellee] terminated the rights of [Appellants] to purchase the property?

C. Did the lower court err in enforcing the liquidated damage clause in the Agreement of Sale in failing to apply the law set forth by the Superior Court of Pennsylvania in *Olmo v. Matos*, 439 Pa.Super. 1, 653 A.2d 1 (1994) which refused to enforce a similar liquidated damage clause?

Appellants' Brief, at 4-5.

Our standard of review in a non-jury trial is:

> to assess whether the findings of facts by the trial court are supported by the record and whether the trial court erred in applying the law. Upon appellate review[,] the appellate court must consider the evidence in the light most favorable to the verdict winner and reverse the trial court only where the findings are not supported by the evidence of record or are based on an error of law. Our scope of review regarding questions of law is plenary.

*Woullard v. Sanner Concrete & Supply*, 241 A.3d 1200, 1207 (Pa. Super. 2020) (internal citation omitted). "Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury." *Shaffer v. O'Toole*, 964 A.2d 420, 422 (Pa. Super. 2009), *appeal denied*, 981 A.2d 220 (Pa. 2009) (internal citation omitted).

*1700 Mkt. St. Assocs., L.P. by SRI Eleven 1700 Mkt. Holdings REIT LLC*

*v. Common Grounds 1700 Mkt. St., LLC*, ---A.3d---, 2024 WL 1356599

(Pa.Super. Apr. 1, 2024).

First, Appellants argue that the trial court erred in finding that their claim

seeking the return of the $40,000 payment was barred by the applicable

statute of limitations as Appellee never raised this defense in any pleading before the trial court.

Our review of the record reveals that while Appellee suggested at trial that Appellants failed to ask for the return of the $40,000 in a timely manner, Appellee never expressly raised a statute of limitations defense in her pleadings or at any other time before the trial court. Instead, the trial court determined *sua sponte* that Appellants' claim for the return of the $40,000 was barred by the four-year statute of limitations that governs actions on a contract. Notes of Testimony (N.T.), Trial, 8/1/23, at 99.

We agree that it was not appropriate for the trial court to assert a defense on behalf of Appellee and act as her advocate. *See Mazzuca v. Abreu*, 310 A.3d 775, 788 (Pa.Super. 2024) (citing *Wojciechowski v. Murray*, 497 A.2d 1342, 1344 (Pa.Super. 1985) (admonishing the trial court for "raising a defense on behalf of the appellee[] and, in essence, acting as its advocate[, which] is not the function of a jurist")). As such, the trial court erred in ruling Appellants' claim was barred by the statute of limitations.[4]

In addition, Appellants argue that the trial court erred in determining that Appellants were not entitled to the return of the $40,000 payment under the Addendum to the parties' Agreement of Sale. The trial court found that Appellee was permitted to retain the $40,000 as liquidated damages provided

---

[4] Given our conclusion that the trial court erred in granting Appellee relief on a statute of limitations defense that Appellee never raised, we need not review Appellants' alternative argument that the trial court erred in determining when the statute of limitations began to run.

for in the parties' contract as Appellants defaulted on the Agreement for Sale by failing to pay the balance of the purchase price.

It is well-established that a seller has three remedies against a buyer that defaults under an agreement of sale for real property.

> First, a seller can sue for damages, measured by the contract price minus the fair market value at the time of the breach, less any payments already tendered. Second, a seller may sue for specific performance of a contract, provided that the seller can demonstrate that without this equitable relief he or she will not be in the same position as if the buyer had not breached the contract. Third, a seller can sue for the purchase price of the property as stated in the agreement and other damages, conditioned upon the transfer of the property.

*Bafile v. Borough of Muncy*, 527 Pa. 25, 30, 588 A.2d 462, 464 (1991) (citing *Trachtenburg v. Sibarco Stations, Inc.,* 477 Pa. 517, 384 A.2d 1209 (1978)).

Our courts have also held that upon a buyer's default of a sales agreement for real property, the seller may choose to retain money designated as liquidated damages in the parties' contractual agreement. *Olmo*, 653 A.2d at 3–4.

> In fact, [n]o rule in respect to the contract (for the sale of real estate) is better settled ... than this: that the party who has advanced money, or done an act in part performance of the agreement, and then stopped short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfill all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done.

*Id.* (quoting *Sanders v. Brock,* 230 Pa. 609, 614, 79 A. 772, 773 (1911) (citation and quotation marks omitted)). *See also Sevast v. Kakouras*, 591

Pa. 44, 54, 915 A.2d 1147, 1154 (2007) ("As long as the seller remains ready, able, and willing to perform a contract for the sale of real property, the breaching vendee has no right to restitution of payments made prior to his default") (citations omitted).

Nevertheless, this Court has held that "[a] liquidated damages clause that is tantamount to a penalty is unenforceable." **Palmieri v. Partridge**, 853 A.2d 1076, 1080 (Pa.Super. 2004) (citing **Olmo, supra**). "Whether a provision for the retention of cash payments amounts to a penalty must be determined from the language of the contract, the intentions of the parties, the subject of the contract and its surroundings, the ease or difficulty in measuring the amount of damages, and the sum stipulated." **Olmo**, 653 A.2d at 3–4.

The parties' initial Agreement of Sale gave Appellants one year from the execution of the contract to complete the sale by tendering the full purchase price. The Agreement of Sale required Appellants to make a $4,000 deposit as a "good faith down payment." The Agreement of Sale also provided that upon Appellants' default, "Seller shall have the right to cancel and terminate this Agreement forthwith, and all monies theretofore paid by Purchasers to Seller shall be retained by Seller as liquidated damages." Agreement of Sale, 5/3/15, at 3.

One year later, the parties executed an Addendum to the Sales Agreement which recognized the additional $40,000 payment and stated that "**ALL** of the other terms and conditions of the Agreement of Sale remain in

full force and are incorporated herewith by reference thereto." Addendum, at 1 (emphasis in original).

First, we note that at the time Appellants made the additional payment of $40,000 to Appellee, the parties executed the Addendum to the Sales Agreement in which the parties expressly reaffirmed the original Agreement of Sale, including the clearly stated liquidated damages clause.

Second, the parties agree that Appellants' payment of $40,000 at the execution of the Addendum was in consideration of Appellee's agreement to extend the original Agreement of Sale, to lower the purchase price for the property, and to enter into a residential lease with Appellants. The trial court found Appellee credibly testified that she was reluctant to extend the original sales agreement as she still had a mortgage on the house and could not finance another property in the meantime. N.T. 6/22/23, at 10. The parties agreed that it was Appellant Elizabeth Rae Hoachlander who offered Appellee the $40,000 payment to induce her into agreeing to extend the sales agreement and sign the lease agreement. N.T. 6/22/23, at 11.

Further, given Appellants' failure to seek prompt action to recover the additional $40,000 payment, it would be difficult to measure the amount of damages caused to Appellee given the passage of an extended period of time of multiple years in which Appellants were given an option to buy the property. Appellee could not occupy the property, sell the property, or obtain other bank loans due to her existing mortgage on the subject property and was still required to pay her mortgage payments, taxes, and upkeep.

Appellants claim that this Court's decision in *Olmo* supports their contention that they are entitled to the return of their $40,000 deposit. In *Olmo*, the parties entered into an agreement for the sale of real property which had a total purchase price of $40,000. The buyers paid an initial $4,000 deposit to the realtor upon the execution of the agreement and paid an additional $20,000 to the sellers personally on account of the purchase price. The buyers did not complete the sale and filed an action to recover both deposits. The sellers claimed they were entitled to retain both sums as liquidated damages for the breach as the parties' contract provided that if the buyers failed to make the payments required by settlement, then the Seller could retain "all deposit money and other sums paid by the Buyer on account of the purchase price, whether required by the agreement or not." *Id*. at 8.

This Court affirmed the trial court's ruling that the buyers were entitled to the return of the additional $20,000 payment, finding it would be "unreasonable and unconscionable to conclude that the parties intended the whole amount tendered, sixty percent of the total purchase price to be retained as liquidated damages in the event of default." *Id*.

However, we agree with the trial court's assessment that *Olmo* can be distinguished from the factual circumstances at hand. In contrast to this case, the buyers in *Olmo* did not execute an addendum or affirm their agreement to a liquidated damages clause at the time they made an additional payment on account of the purchase price and did not seek any additional action on the

part of the sellers. Further, the buyers in **Olmo** promptly initiated action to recover their additional payment on the purchase price.

Given our review of the circumstances presented in this case, we conclude that the trial court did not err in concluding that the $40,000 payment was not a penalty, but an appropriate award of liquidated damages. As a result, we affirm the trial court's judgment in favor of Appellee.

Judgment affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/29/2024