566 A.2d 854

**Anthony MENDICINO and Angela M. Mendicino, Appellants,**

v.

**Kathryn M. RENDINA, Appellee.**

Supreme Court of Pennsylvania.

Argued March 6, 1989.

Decided Dec. 1, 1989.

Reargument Denied May 16, 1990.

Robert L. Potter and E.J. Strassburger, Strassburger, McKenna, Gutnick & Potter, Pittsburgh, for appellants.

Richard DiSalle, Rose, Schmidt, Hasley & DiSalle, Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION

ZAPPALA, Justice.

In this appeal, we are requested to review the order and memorandum opinion of the Superior Court which reversed and vacated the Appellants' damage award and remanded the matter to the trial court for a new trial on damages. We granted the Appellants' petition for allowance of appeal to consider whether the Appellee waived the issue of the

proper assessment of damages. The Appellants have steadfastly argued that they could recover the purchase price as damages under a sales agreement which permitted an election of the following remedies by Appellants upon Appellee's default: retaining the earnest money as liquidated damages; retaining the earnest money and proceeding with an action for specific performance; or applying the earnest money towards the appellants' loss on resale of the property and proceed with an action at law for damages.

Although many facts, both relevant and irrelevant to the disposition of this appeal, appear to be in dispute, the specific facts necessary for our consideration of this appeal are not. The parties entered into a sales agreement for the sale and purchase of a funeral home by agreement dated August 20, 1979. For reasons not germane to this appeal, the Appellee (Buyer) refused to complete the sales transaction resulting in the Appellants' (Sellers) initiating a law suit in equity for specific performance. By order dated April 16, 1980, the trial court granted the Appellee's preliminary objections, dismissed the Appellants' complaint in equity and, certified the case to the law side of the court and granted the Appellants leave to amend their complaint to an action at law. In their action at law, the Appellants requested from the Appellee payment of the purchase price ($400,000) after giving the Appellee credit for the initial deposit ($50,000). At the conclusion of the trial, the jury awarded the Appellants $350,000. In her post-trial motions, the Appellee alleged the trial court erred in refusing to instruct the jury as follows:

> If you determined that Anthony and Angela M. Mendicino and Kathryn M. Rendina had a binding contract, then you may award damages to the plaintiffs as being the difference between the full contract price and the market value of the property on the date of the breach of the contract, less any payments received. *Trachtenburg v. Sibarco Stations, Inc.*, 477 Pa. 517 [384 A.2d 1209] (1978).

Record 59a. Instead, the trial judge refused the Appellee's requested point for charge and instructed the jury as follows:

There appears in this case to be no question regarding the existence of the August 20, 1979, agreement of sale and that the parties thereto are legally bound thereby in the absence of fraud. Accordingly, if you find that Kathryn M. Rendina breached the August 20, 1979, agreement of sale without the legal defense of fraud being present, then, in that event, the plaintiffs are entitled to your verdict in the amount of $350,000, which sum represents the difference between the full contract price of $400,000 less the $50,000 down payment made by the defendant to the plaintiffs, in which case the plaintiffs would, upon full and complete satisfaction of the verdict, be required to perform in accordance with the terms of the subject agreement of sale.

Record 45a–46a.

On appeal to Superior Court, that court affirmed concluding that the issue of damages (i.e. what remedy is appropriate for the action at law) was waived but found it necessary to vacate the trial court's order dismissing the Appellee's post-trial motions and entering judgment upon the verdict of the jury, and remanded the matter to the trial court for entry of an order requiring delivery of the deed upon condition that Appellee satisfy the jury verdict. *Mendicino v. Rendina*, 356 Pa.Super. 596, 512 A.2d 57 (1986) (*Mendicino I*). Upon our consideration, we granted the Appellee's petition for allowance of appeal, vacated the Superior Court order regarding waiver of the damage issue and remanded the matter to that court for consideration of that issue. 515 Pa. 84, 526 A.2d 1188 (1987).

On remand to the Superior Court, that court concluded that the trial judge's instructions to the jury regarding Appellants' damages for breach of contract was improper. *Mendicino v. Rendina*, 372 Pa.Super. 645, 534 A.2d 1123 (1987) (*Mendicino II*). Relying on *Trachtenburg v. Sibarco Stations, Inc.*, 477 Pa. 517, 384 A.2d 1209 (1978), the court held that the sales agreement between the parties did not permit the Appellants to pursue an action at law for the

purchase price. Accordingly, the Appellants were limited by their agreement to retaining the earnest money as liquidated damages or suing at law to recover actual damages that can be proven and not the purchase price less the hand money. We then granted the Appellants' petition for allowance of appeal and now reverse.

In *Mendicino I*, we reversed the Superior Court and remanded the matter to that court "for consideration of the damage issue." The reason for our action was our determination that the Superior Court erred in finding that the Appellee waived her "damage" issue. The current controversy revolves around what was the "damage issue" preserved by Appellee.

Initially, Appellants requested specific performance of the contract. When this was denied, the Appellants amended their complaint requesting the purchase price of the contract less the earnest money. During the trial, Appellee attempted to offer evidence of the fair market value of the property. The trial court denied the use of this evidence because the Appellants were seeking the contract price as their damages thereby making fair market value irrelevant. At the close of the trial, the Appellee requested that the trial judge instruct the jury that the Appellants were restricted to recover as damages the difference between the contract price and fair market value less any payments received. This attempt to alter the Appellants' remedy was also refused. In her motion for post-trial relief, notwithstanding all the specific references set forth above, the Appellee only alleged that the trial judge erred in refusing to give her noted requested jury instruction. The Appellee did not allege that the trial judge erred because the contract price was not a proper item of damages under the contract, nor could she properly make that argument in that she failed to object to Appellants' theory throughout this litigation. All that can be gleaned by the Appellee's allegation is that as a matter of law, the trial judge incorrectly set forth the proper law regarding "damages".

Therefore, when we reversed the Superior Court's holding that the issue of damages had been waived in *Mendici-*

*no I,* the only issue properly preserved for our review was whether the trial judge's jury instructions regarding damages was incorrect. Given that the issue was included in the post-trial motions, we concluded that the issue was preserved and remanded that issue (i.e. whether the trial judge's jury instruction was legally incorrect) to the Superior Court for disposition. Since the issue of whether the contract permits recovery of the contract price as a remedy upon breach was never asserted, we did not expect nor intend the Superior Court to address that issue. As such, Superior Court erred.

■ Regarding the "damage" issue, it is clear that in *Trachtenburg* we reiterated with approval the remedy of contract price as damages conditioned upon the transfer of the real property. In fact, we noted that such a remedy was equitable in nature and therefore precluded the necessity of specific performance. Thus, the trial judge's instruction was legally accurate. As such, there is no merit to the Appellee's allegation of error.

The order of the Superior Court is reversed and the judgment of the Court of Common Pleas of Fayette County is reinstated.

STOUT, former J., did not participate in the decision of this matter.