J-A04042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LARRY GLENN, D/B/A LARRY GLENN CONSTRUCTION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 578 MDA 2017 |
| ANDREA H. SMITH | : | |
| | : | |
| v. | : | |
| | : | |
| BRIDGET GLENN D/B/A LARRY GLENN CONSTRUCTION | : | |

Appeal from the Judgment Entered March 17, 2017
In the Court of Common Pleas of Clinton County Civil Division at No(s): 126-14

| | | |
|---|---|---|
| LARRY GLENN, D/B/A LARRY GLENN CONSTRUCTION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREA H. SMITH | : | No. 659 MDA 2017 |
| Appellant | : | |
| v. | : | |
| | : | |
| BRIDGET GLENN D/B/A LARRY GLENN CONSTRUCTION | : | |

Appeal from the Judgment Entered March 17, 2017
In the Court of Common Pleas of Clinton County Civil Division at No(s):
126-14

BEFORE:   STABILE, J., NICHOLS, J., and RANSOM,[*] J.

CONCURRING STATEMENT BY NICHOLS, J.:          **FILED JUNE 25, 2018**

I concur with the majority that the case should be remanded for a recalculation of damages by the trial court. However, I respectfully disagree that the trial court should convene a new trial on damages. The hearing on remand should be limited to a recalculation of damages based on the existing record.

The majority acknowledges the trial court's criticism of the state of the record.  Majority Op. at 28.  The majority then concludes, "in order to resolve all of these concerns so that damages **may be proven with reasonable certainty** and to complete the evidence in order to avoid the need for speculation[1] by the trial court, we vacate the judgment and remand for a new hearing limited to the issue of damages." ***Id.*** (emphasis added).[2]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] "The question of whether damages are speculative has nothing to do with the difficulty in calculating the amount, but deals with the more basic question of whether there are identifiable damages." ***Printed Image of York, Inc. v. Mifflin Press, Ltd.***, 133 A.3d 55, 60 (Pa. Super. 2016) (citation omitted).

[2] It is well-settled that the fact-finder is not required to "speculate" in calculating the amount of damages in a breach-of-contract claim. ***Wilcox v. Regester***, 207 A.2d 817, 822 (Pa. 1965) ("In seeking damages for breach of contract, a party must be able to prove such damages with reasonable

- 2 -

I emphasize that neither party moved for a new trial (or hearing) in their post-trial motions. R.R. at 237a, 283a, 301a-04a. On appeal, neither party requested this Court remand for a new trial (or hearing) on damages. *See* Contractor's Brief, 578 MDA 2017, at 39; Homeowner's Brief, 659 MDA 2017, at 40-41. Indeed, as the majority acknowledges, the trial court granted limited post-trial relief because it inadvertently miscalculated the amount of damages and thus it revised the award of damages. Clearly, the trial court and parties conveyed no urgency that the record had to be reopened or otherwise required a new trial/hearing in order for the trial and appellate courts to calculate the amount of damages properly.[3] Because no party requested a new trial on damages, I respectfully disagree with my colleagues that this matter should be remanded for one. *See generally Harman v. Borah*, 756 A.2d 1116, 1122 (Pa. 2000) (discussing appellate court's standard and scope of review of a party's request for a new trial); *Tagnani v. Lew*,

---

certainty"); *Weinglass v. Gibson*, 155 A. 439, 440 (Pa. 1931) (holding "purely speculative damages" for breach of contract cannot be recovered). But the burden of proof for damages is on the proponent, and that burden does not require mathematical exactitude. *Spang & Co. v. U.S. Steel Corp.*, 545 A.2d 861, 866-67 (Pa. 1988) ("While [breach of contract] damages cannot be based on a mere guess or speculation, yet where the amount may be fairly estimated from the evidence, a recovery will be sustained even though such amount cannot be determined with entire accuracy." (citation omitted)).

[3] And, as noted above, it is well-settled that breach-of-contract damages need not be calculated with mathematical precision. *See Spang*, 545 A.2d at 866-67.

426 A.2d 595, 596 (Pa. 1981) ("Appellate court consideration of issues not raised in the trial court results in the trial becoming merely a dress rehearsal.");[4] *see also Mendicino v. Rendina*, 566 A.2d 854, 855 (Pa. 1989);[5] *Oelschlegel v. Mut. Real Estate Inv. Tr.*, 633 A.2d 181, 184-85 (Pa. Super. 1993) (remanding for recalculation of damages, notwithstanding filing of motion for new trial for damages, because court erred as a matter of law in its calculation of damages).  Accordingly, given neither the parties nor the trial court have argued, let alone addressed, the necessity of a new trial on damages, I concur with the majority only to the extent that the case should be remanded for a recalculation of damages based on the extant record.[6]

On this basis, I respectfully concur.

_____

[4] The *Tagnani* Court also observed, "The ill-prepared advocate's hope is that an appellate court will come to his aid after the fact and afford him relief despite his failure at trial to object to an alleged error."  *Tagnani*, 426 A.2d at 596.

[5] In *Mendicino*, the Pennsylvania Supreme Court reviewed the "memorandum opinion of the Superior Court which reversed and vacated the [a]ppellants' damage award and remanded the matter to the trial court for a new trial on damages.  We granted the [a]ppellants' petition for allowance of appeal to consider whether the [a]ppellee waived the issue of the proper assessment of damages."  *Mendicino*, 566 A.2d at 855.  The *Mendicino* Court held the Superior Court erred by reversing on an issue never raised by the appellee.  *Id.* at 856 (reversing award of new trial on damages).  Here, unlike the *Mendicino* appellee, neither party even requested a new trial on damages.

[6] In any event, a new trial on damages should not be awarded when a plaintiff has caused confusion at trial regarding the proper measure of damages. *Cunningham v. Ray*, 106 A. 884, 887 (Pa. 1919).