J-A09011-15

2015 PA Super 171

| HEYWOOD BECKER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| --- | --- |
| Appellant | |
| v. | |
| M.S. REILLY, INC. | |
| Appellee | No. 712 EDA 2014 |

Appeal from the Judgment Entered February 7, 2014
In the Court of Common Pleas of Northampton County
Civil Division at No: C-48-CV-2011-3124

BEFORE:  BOWES, DONOHUE, and STABILE, JJ.

OPINION BY STABILE, J.:                    **FILED AUGUST 13, 2015**

Appellant, Heywood Becker, appeals from the February 7, 2014 judgment in favor of Appellee, M.S. Reilly, Inc.[1] We affirm.

Appellant commenced this negligence action on April 6, 2011. Appellant alleged that a faulty drainage swale on Appellee's property caused water damage to Appellant's property.  After a series of preliminary objections and amended complaints, Appellee filed an answer and new matter to Appellants' third amended complaint on January 26, 2012. Appellee filed a motion for judgment on the pleadings on November 14,

_____

[1]  The parties captioned this as an appeal from several orders denying Appellant's post-trial motions.  Orders denying post-trial motions are interlocutory and not ordinarily appealable. **Prime Media Assocs. v. Valley Forge Ins. Co.**, 970 A.2d 1149, 1154 n.6 (Pa. Super. 2009), *appeal denied*, 989 A.2d 919 (Pa. 2010).  The subsequent judgment is the final, appealable order.

2012, which the trial court denied on January 24, 2013. The trial court listed the matter for trial on Monday, December 16, 2013.

On Thursday, December 12, 2013, four days before trial was scheduled to commence, Appellant filed a praecipe to discontinue the case pursuant to Pa.R.C.P. No. 229. On the same day, Appellee filed a motion to strike off the discontinuance and informed Appellant that it would present the motion on December 16, 2003. Appellant did not appear for trial on December 16. In Appellant's absence, the trial court granted Appellee's motion to strike off the discontinuance and proceeded with trial on the merits. At the conclusion of the trial, at which Appellee presented expert testimony and other evidence, the trial court found in favor of the Appellee.

Appellant filed a timely post-trial motion on December 24, 2013 requesting reconsideration of the order striking off his discontinuance. The trial court held argument on January 8, 2014 and denied Appellant's recusal motion at the hearing. N.T. Hearing, 1/8/14, at 15. On January 31, 2014, the trial court denied Appellant's remaining post-trial motions. Specifically, the court denied reconsideration of its order striking off Appellant's discontinuance. Appellant filed a notice of appeal on February 28, 2014.

On appeal, Appellant challenges the trial court's denial of his recusal motion and the order striking off his discontinuance. We will address these issues in turn. We review the trial court's denial of the recusal motion for

abuse of discretion. ***Goodheart v. Casey***, 565 A.2d 757, 763 (Pa. 1989). The trial court must conduct a two tiered analysis:

> First, whether the Justice would have a personal bias or interest which would preclude an impartial review. This is a personal and unreviewable decision that only the jurist can make. Second, whether his participation in the matter would give the appearance of impropriety. [T]o perform its high function in the best way, justice must satisfy the appearance of justice.

***Id.*** at 764 (internal quotation marks omitted).

Here, Appellant asserts the trial judge should have recused himself from any matter involving Appellant's counsel because, in his capacity as administrative judge of the Northampton County Orphans' Court, he issued a rule against counsel and threatened to bar counsel from practicing before that court. The record does not support Appellant's argument. Appellant's counsel was counsel of record for several cases pending in orphans' court for which no filing fees had been paid. N.T. Hearing, 1/8/14, at 9-10. The trial court issued an order directing Appellant's counsel to pay the fees or appear and explain the failure to pay. ***Id.*** at 10. The trial court issued the same order to all similarly situated attorneys, *i.e.* those who had cases pending in the orphans' court in Northampton County with unpaid filing fees. ***Id.*** at 10-11. Appellant's counsel's outstanding filing fees totaled $73.00. ***Id.*** at 12. The trial judge stated on the record: "there is no way on God's green earth I would bar an attorney from practicing in this Court" over such a small amount of money. ***Id.*** "There is no way that would ever happen." ***Id.***

- 3 -

In summary, the trial court disavowed any personal bias affecting his ability to preside impartially over Appellant's case. That decision is not reviewable. We further conclude the trial judge did not abuse his discretion in declining to recuse himself from this case based on an appearance of impropriety. Appellant's counsel was one of several attorneys to receive an administrative order regarding unpaid filing fees, for which the client and not counsel ultimately is responsible. Concerning Appellant's counsel, the amount of money at issue was *de minimis*, and the trial judge expressly disavowed any intent to bar counsel from the court based on the unpaid fees*.* Based on all the foregoing, we reject Appellant's first argument as lacking in merit.

Next, Appellant argues the trial court erred in entertaining and granting Appellee's motion to strike off Appellant's discontinuance and proceed with trial in Appellant's absence. As noted above, Appellant filed a discontinuance pursuant to Pa.R.C.P. No. 229 only four days before trial was scheduled to commence. Rule 229(a) permits a plaintiff to discontinue an action "before commencement of trial." Pa.R.C.P. No. 229(a). Rule 229 also permits another party to petition to strike off the discontinuance: "The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice." Pa. R.C.P. No. 229(c).

"A discontinuance in strict law must be by leave of court, but it is the universal practice in Pennsylvania to assume such leave in the first instance." *Pohl v. NGK Metals Corp*., 936 A.2d 43, 46-47 (Pa. Super. 2007), *appeal denied*, 952 A.2d 678 (Pa. 2008). "The causes which will move the court to withdraw its assumed leave and set aside the discontinuance are addressed to its discretion, and usually involve some unjust disadvantage to the defendant or some other interested party[.]" *Id.* at 47 (quoting *Fanscali v. Univ. Health Ctr of Pittsburgh*, 761 A.2d 1159, 1162 (Pa. 2000)). "In determining whether to strike a discontinuance, the trial court must consider all facts and weigh equities. Further, the trial court must consider the benefits or injuries which may result to the respective sides if a discontinuance is granted." *Id.* (quoting *Foti v. Askinas*, 639 A.2d 807, 808 (Pa. Super. 1994)).

The *Pohl* Court concluded the trial court properly struck a discontinuance where the defendants prevailed in a summary judgment motion after extensive litigation and the plaintiff could potentially refile the same claims in another action. *Id.* at 48. Likewise, in *Foti*, this Court held that the trial court abused its discretion in granting a discontinuance without prejudice where the defendants would have to repeat the effort and expense of their extensive discovery if the plaintiff refiled the claim at a later date. *Foti*, 639 A.2d at 809.

In presenting the petition, Appellee's counsel gave the following reasons for seeking to strike off the discontinuance and proceed with trial:

> In this case, Your Honor, in order to protect my client from further lawsuits by [Appellant], who has been able to manipulate our Court system rather effectively since the institution of this suit in April of 2011, the discontinuance, I believe, was simply for 1 improper reason, they weren't ready. They had no expert. They had identified 3 witnesses. I subpoenaed those 3 witnesses twice. They failed to appear both times. So I filed this morning a motion to preclude their testimony should they arrive this morning.

N.T. Trial, 12/16/13, at 5. Appellee arrived prepared to present a full defense, including expert testimony. Given Appellant's apparent lack of diligence in prosecuting the matter, the eleventh hour discontinuance, and Appellee's preparedness, the trial court chose to strike off the discontinuance and proceed with trial. We discern no abuse of discretion in the trial court's decision, given this Court's decisions in **Pohl** and **Foti**. Here, as in those cases, Appellee could have been subject to the inconvenience and expense of repetitive effort in defending a subsequent lawsuit raising the same or similar claims.

Appellant cites no case law, and instead relies only on the text of Rule 229 and Northampton County Local Rule of Civil Procedure 208.3, governing motion practice. Appellant argues that Rule 229(c) requires a hearing, that Rule 208.3 requires advance notice and that a motion be decided in motions court rather than at the call of the list, as was done in this case. Appellant concludes that a motion to strike off a discontinuance "may not be granted

when no hearing has been scheduled thereon." Appellant's Brief at 18. The law does not support this argument. We have already quoted the text of Rule 229(c) in its entirety. Contrary to Appellant's assertion, Rule 229(c) does not require a hearing. It simply requires a petition and notice. Appellant does not dispute that he received notice of Appellee's intent to petition to strike off the discontinuance on Thursday, December 12, 2013, the same day Appellant filed the discontinuance. Appellee prepared, filed and served the petition the following day. Appellant does not dispute receiving notice of Appellee's intent to present the petition to strike off the discontinuance on Monday, December 16, 2013 and to proceed immediately with trial if successful. Thus, Appellee complied with the petition and notice requirements of Rule 229(c).

Local Rule 208.3(a) paragraphs 1 and 2 require the movant to notify the adverse party three business days prior to the date of presentation. Northampton County R.C.P. 208.3(a). Paragraph 4 states that "[c]ompliance with the time requirements may be excused by the motions judge if it appears that reasonable notice has been attempted or given, and immediate and irreparable injury will be sustained if relief is denied." Instantly, Appellee could not give three business days' notice because Appellant waited until the eve of trial to file his discontinuance. Appellant cannot complain of short notice in this case, as he left Appellee no choice.

Finally, Appellant argues the trial court erred in proceeding with the trial in Appellant's absence immediately after granting Appellee's petition to strike off the discontinuance. Once again, Appellant cites no case law in support of his argument, and we could deem it waived for that reason alone. Pa.R.A.P. 2119(b). In any event, Appellant's argument lacks merit. A trial court may proceed with a trial in a party's absence where the party has notice and fails to appear. Pa.R.C.P. No. 218(a) ("Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion."). Appellant had notice that trial would commence on December 16, 2013, and he further had notice of Appellee's intent to proceed with trial if the court granted the petition to strike off the continuance. Despite this, Appellant chose not to appear. The trial court did not err in proceeding with trial after striking off the discontinuance.

In summary, we have concluded that each of Appellant's arguments is lacking in merit. We therefore affirm the judgment.

Judgment affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Prothonotary

Date: 8/13/2015