J-A22015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STEVEN LEBOON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ALAN MCLIVAIN, JR. AND ALAN MCILVAIN COMPANY | |
| | No. 3562 EDA 2016 |

Appeal from the Order Entered November 14, 2016
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2016-01945

BEFORE:  BOWES, LAZARUS AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 07, 2018**

Steven LeBoon appeals from the November 14, 2016 order dismissing this action under Pa.R.C.P. 233.1.  We affirm.

For ease of disposition, we set forth the pertinent facts in chronological order.  In September 2008, Appellant was hired to be the human resources manager of Appellee Alan McIlvain Company (the "Company").  On May 6, 2009, during a strike by rank and file workers, Appellant injured his shoulder and back while removing lumber from a table.  Appellant filed a workers' compensation claim, which was denied by the workers' compensation carrier of the Company, Liberty Mutual Insurance Company ("Liberty Mutual"),

_____

* Retired Senior Judge specially assigned to the Superior Court.

because there was no medical documentation to support the existence of an injury. Appellant was scheduled to undergo surgery on June 11, 2009, and Liberty Mutual asked for an independent medical examination, which was conducted by board-certified orthopedic surgeon Dr. Richard George Schmidt. Dr. Schmidt concluded that Appellant sustained a transient strain of his shoulders and lower back on May 6, 2009, and that the injury was resolved.

On December 31, 2009, the workers' compensation judge concluded that tearing uncovered during Appellant's shoulder surgery was the result of the May 9, 2009 incident, found him totally disabled, and awarded him monthly disability benefits based upon his weekly wages on May 6, 2009. At that time, the Company had the ability to take an appeal from the decision to the Workers' Compensation Appeal Board. Appellant and the Company settled the workers' compensation claim for a lump sum payment of $185,000, and they executed an agreement indicating that it fully and completely resolved any workers' compensation claim involving Appellant, including the May 6, 2009 injury, but did not relate to legal or administrative proceedings as to different legal matters.

Appellant thereafter instituted a *pro se* action in state court against Dr. Schmidt, Liberty Mutual, and another company involved in processing his workers' compensation claim for the Company. The state action was dismissed after the defendants filed preliminary objections, and we affirmed

on appeal. *LeBoon v. Schmidt*, 46 A.3d 828 (Pa.Super. 2012) (unpublished memorandum). Dr. Schmidt then brought a civil action against Appellant for abuse of process, which was docketed in Bucks County civil division at 2013-00951. Appellant already filed an appeal in case number 2013-00951 relating to discovery issues, and we affirmed on appeal. *Schmidt v. Leboon*, 134 A.3d 484 (Pa.Super. 2015) (unpublished memorandum).

Appellant twice sued Dr. Schmidt in federal court. One of those actions was duplicative of Appellant's state lawsuit in that it was premised upon an allegation that Dr. Schmidt perjured himself during the workers' compensation proceeding when he testified that Appellant was not disabled based upon the May 9, 2006 incident, and the other federal case was instituted after Dr. Schmidt successfully prevented Appellant from publishing a book about Dr. Schmidt's participation in the workers' compensation proceeding. *LeBoon v. Schmidt*, 2013 WL 1395928 at n.1 (E.D. Pa. 2013) is the second action and mentions the previous case, *LeBoon v. Schmidt*, Civ. A. No. 11–25 (E.D. Pa.).

Appellant additionally brought a *pro se* lawsuit against the Company in federal court alleging that he was terminated from his position based upon his workplace injury in violation of the federal Americans with Disabilities Act and the Pennsylvania Human Relations Act. *Leboon v. Alan McIlvain Co.*, 2013 WL 12182023 (E.D. Pa. June 4, 2013). The Company's defense in that

matter was that it decided to terminate Appellant's employment for work performance reasons on April 30, 2009, but waited until May 8, 2009, to implement that decision due to the union strike. *Id*. The federal discrimination lawsuit proceeded to trial. On the first day, Appellant was unable to proceed with questioning his witnesses, and the matter was rescheduled for the following day, when Appellant failed to appear, alleging that he had experienced car problems. The federal action was dismissed after Appellant was unable to substantiate the existence of mechanical problems with his car and the trial court concluded that Appellant could have arrived at trial on public transportation. *LeBoon v. Alan McIlvain Company*, 2014 WL 11429345 (E.D.Pa. 2014), *affirmed*, 628 Fed.Appx. 98 (3d Cir. 2015), *cert. denied*, 136 S.Ct. 2493 (2016), *rehearing denied*, 137 S.Ct. 25 (2016).

On January 22, 2015, while litigating his appeal in the federal case, Appellant filed another workers' compensation claim and maintained that the Company's defense in that federal lawsuit entitled him to another award of workers' compensation benefits because its defense constituted a breach of the settlement agreement reached in the workers' compensation action. On March 30, 2015, the workers' compensation judge denied that claim on *res judicata* grounds. *See* Defendants, Alan McIlvain, Jr. and Alan McIlvain Company's Motion To Dismiss Pursuant To Pennsylvania Rule Of Civil Procedure 233.1 and Motion To Stay Proceedings, 05/12/16, at Exhibit 15.

On July 21, 2015, Appellant filed yet another workers' compensation claim, which was dismissed only days later based upon a finding that it was frivolous and vexatious. *Id*. at Exhibit 16.

Appellant thereafter, on March 28, 2016, filed the present *pro se* action against the Company and its president, Appellee Alan McIlvain Jr., for breach of contract, and he sought six million dollars in damages for that breach. Appellant's allegations in this lawsuit are that the Company's defense in Appellant's federal discrimination lawsuit breached the settlement agreement reached in his first workers' compensation action. The same day, Appellant filed a preemptive motion, claiming that this case could not be assigned to the Honorable Jeffrey L. Finley because Judge Finley was the presiding judge in action number 2013-00951, which was Dr. Schmidt's lawsuit against Appellant for abuse of process. Judge Finley scheduled a hearing on the recusal motion, and denied it after Appellant failed to appear. Appellant appealed from denial of the recusal motion, and that appeal was *sua sponte* quashed as interlocutory. Order of Court, 1462 EDA 2016 (filed August 1, 2016).

On May 2, 2016, Appellant filed a ten-day notice of intent to take default judgment. On May 12, 2016, Appellees filed preliminary objections as well as a motion seeking a stay and dismissal of this case under Pa.R.C.P. 233.1, based upon its frivolity. On May 16, 2016, Appellant attempted to enter a default judgment against Appellees in the amount of six million

dollars since they had not answered his complaint. The prothonotary refused to enter a default judgment because the May 12, 2016 preliminary objections were pending. Appellant filed an appeal from the prothonotary's refusal to enter default judgment, and that appeal was quashed *sua sponte*. Order of Court, 1545 EDA 2016 (filed August 2, 2016).

The trial court herein thereafter granted the Pa.R.C.P. 233.1 motion. This appeal followed, and Appellant raises the following issues:

> Issue 1. Was it an abuse of discretion by the clerks of the court to not accept LEBOON's $6,000,000 default judgment for Appellee number 1 (Alan McIlvain Jr) so it would not be docketed or granted an index?
>
> Issue 2. Was it an abuse of discretion of the clerks of the court to suppress LEBOON's default judgment court filing and not record it on the docket?
>
> Issue 3. Should the court have nullified the clerks of the court by reassignment of the case to a new judge to eliminate the judicial conflict of interest?
>
> Issue 4. Did the court abuse its discretion by dismissing Appellee #1 (Alan McIlvain Jr) when they did not submit any formal objections or responses to the complaint?
>
> Issue 5. Did the court abuse LEBOON's 14th Amendment rights of due process by allowing Appellee #1 not to respond and follow any rules of law by no submissions of preliminary objection and response to the complaint?
>
> Issue 6. Did the court abuse its discretion (within 2 1/2 hours) after receiving word that LEBOON had garnered three Zurich Life Insurance subpoenas to acquire discovery from its original source and then dismiss the action as frivolous?
>
> Issue 7. Did the court abuse its discretion by refusing to accept that new causation of tort that was created by the sworn

testimony of Alan McIlvain Jr (Appellee #1) establishing the breach of contract of the Compromise and Release Agreement?

Appellant's brief at 12-13.

Appellant's seventh issue raises a challenge to the propriety of the trial court's grant of the Pa.R.C.P. 233.1 motion. We address that contention first as its resolution is the central issue in this appeal. The rule allows a defendant to file a motion to dismiss any action filed by a *pro se* plaintiff based upon frivolity when: "(1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and (2) these claims have already been resolved pursuant to a written settlement agreement or court proceeding." Pa.R.C.P. 233.1.[1] We review a trial court's decision to dismiss a case under Pa.R.C.P. 223.1 pursuant to an abuse of discretion standard. ***Coulter v. Ramsden***, 94 A.3d 1080 (Pa.Super. 2014).

The Rule's explanatory note delineates that the Supreme Court enacted it in response to complaints that certain litigants abuse our legal system by repeatedly filing claims against the same defendant and that it was designed to spare a defendant from having to expend time and

---

[1] The trial court herein also precluded Appellant from instituting further litigation against Appellees. **See** Pa.R.C.P. 233.(c) (if a Rule 233.1 motion is granted, the trial court is permitted to "bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.").

resources to defend repetitive *pro se* litigation. The comment further observes that lawyers are subject to disciplinary rules that prevent them from filing baseless lawsuits while *pro se* plaintiffs do not operate under the same constraints.

In **Coulter**, we acknowledged the import of these comments, noting that the specific purpose of this Rule is to stop a notable increase "in serial lawsuits of dubious merit filed by *pro se* litigants[.]" **Id**. at 1087. The rule provides for dismissal even when the elements of *res judicata* or *collateral estoppel* would not apply. **Id**. Specifically, its language prohibits the bringing of a lawsuit based on related, rather than identical, claims. Additionally, it does not mandate that the prior action actually proceeded to final judgment, only that it was resolved against the *pro se* litigant. **Id**.

In the present case, we conclude that the trial court properly applied Pa.R.C.P. 233.1. As outlined in our recitation of the pertinent facts, Appellant has demonstrated a settled pattern of bringing frivolous *pro se* lawsuits. The allegations herein are specious as he himself brought the lawsuit claiming that he was fired based upon his workplace injury. Appellant's federal lawsuit forced the Company to defend its actions by denying that his firing was the result of that injury.

Appellant has attempted to obtain relief on the same grounds raised in this lawsuit in two prior petitions resolved by a workers' compensation judge. Appellant's federal action against Appellees was dismissed after

Appellant first was unable to proceed before a jury and then fabricated a reason for failing to appear for the rescheduled trial. He has already filed two improper appeals in the present action. Simply put, Appellant's waste of judicial resources and harassment of these defendants must be put to an end. Accordingly, we conclude that the trial court did not abuse its discretion in dismissing this case pursuant to Pa.R.C.P. 233.1.

We have carefully reviewed the argument portion of Appellant's *pro se* brief and have concluded that issues one, two, four, and five in the statement of issues involved are related. Specifically, they all pertain to Appellant's factual assertion that Mr. McIlvain did not file preliminary objections or a motion to dismiss under Pa.R.C.P. 233.1. He claims that those documents were presented solely by the attorney for the Company. Based upon that factual premise, Appellant asserts both that default judgment should have been entered against Mr. McIlvain, as he failed to answer the complaint after being issued notice of Appellant's intent to enter default, and that Mr. McIlvain should not have been dismissed from this action under Pa.R.C.P. 233.1, since he presented no such motion.

Our review confirms that Appellant misapprehends that the motions in question were joint motions filed by both Appellees by their named counsel, Marshall Dennehey Warner Coleman & Coggins, which entered its appearance on behalf of both Appellees. Appellant fails to appreciate that any lawyer practicing for a firm that has entered its appearance on behalf of

a party may file a document for that party. The content of both the preliminary objections and the motion to dismiss establish that they were filed on behalf of both Appellees. Due to the faulty factual foundation of issues one, two, four, and five, we find that they are meritless.

Appellant's third question raised on appeal concerns the denial of his request that Judge Finley recuse himself. Without presenting any case authority on the subject matter, Appellant asserts that recusal was required based solely on the fact that Judge Finley was presiding over Dr. Schmidt's abuse-of-process case against Appellant. We review a trial court's denial of recusal for an abuse of discretion. *Becker v. M.S. Reilly, Inc.*, 123 A.3d 776 (Pa.Super. 2015). Recusal is warranted when the judge has "a personal bias or interest which would preclude an impartial review." *Id*. at 778 (citation omitted). The jurist personally determines whether he or she has such bias or interest, and this determination is not reviewable by this Court. *Id*. Alternatively, a judge must recuse himself "when his participation in the matter would give the appearance of impropriety." *Id*. In the present case, there is no appearance of impropriety created by the mere fact that Judge Finley is the presiding judge in the Schmidt lawsuit. Hence, this claim fails.

The sixth allegation raised on appeal concerns a subpoena that Appellant obtained on the same day that the court entered its order to dismiss this action. The subpoena was obtained against Zurich Life Insurance to acquire three life insurance policies that it had issued. On

appeal, Appellant suggests that "the facts, testimony, and production of evidence (Zurich Life Insurance) will prove that Alan McIlvain Company has been exposed to various courts[.]" Appellant's brief at 25.

To the extent that Appellant presents a discernible position either that life insurance policies establish that Appellees were defendants in lawsuits or that the fact that Appellees were named as parties in other litigation would prove that they breached the contract at issue herein, we conclude that the issue was mooted by the dismissal order. Any type of discovery on the merits of Appellant's breach of contract cause of action would not be relevant to the question of whether this action was properly dismissed under Pa.R.C.P. 233.1. Thus, we reject Appellant's sixth position raised on appeal.

Additionally, to avoid strain on this Court's and Appellees' resources by Appellant's repetitive and specious filings, we will no longer entertain any *pro se* documents presented by Appellant. In this connection, we note that we could have readily dismissed this appeal because Appellant's brief is illogical, and replete with legally erroneous assertions. Instead, we have endeavored to address any recognizable concerns expressed therein. We are permitted to bar a *pro se* litigant from filing further appeals when that litigant has harassed this Court by the repetitive filing of specious litigation. ***Winpenny v. Winpenny***, 775 A.2d 815, 818 (Pa.Super. 2001) ("Although due process cannot be set aside for judicial economy, we will not extend due process beyond its constitutional limits to indulge the fantasized claims of

appellant."). Given Appellant's two prior patently interlocutory appeals and the incoherent and legally frivolous nature of his briefs filed herein, we conclude that this action is necessary in this matter.

Order affirmed. The Prothonotary of the Superior Court of Pennsylvania is directed not to accept or file any further *pro se* documents presented by Steven LeBoon in this matter.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2018