J-A08003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| THE TRAVELERS INDEMNITY COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PIER 3 CONDOMINIUM ASSOCIATION AND AHLAM KHALIL | : | |
| | : | No. 2354 EDA 2023 |
| APPEAL OF: AHLAM KHALIL | : | |

Appeal from the Order Entered August 14, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210201624

BEFORE:  BOWES, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 11, 2024**

Ahlam Khalil ("Dr. Khalil") appeals from the order that denied her petition to strike the discontinuance filed by the Travelers Indemnity Company ("Travelers") in this interpleader action.  We affirm.

Over the years, Dr. Khalil has been a frequent litigant, *pro se* and with counsel, concerning damage done to her condominium.  Our Supreme Court summarized the origin of the litigation as follows:

> [Dr. Khalil] owned a unit in the Pier 3 Condominiums in Philadelphia.  [Her] individual unit was insured by State Farm Fire and Casualty Company ("State Farm"), and the Pier 3 Condominium Association ("Pier 3") was insured under a master policy issued by Travelers. . . .  In May 2007, [Dr. Khalil] sustained water damage to her unit as a result of a leak in the unit directly above hers, which was owned by Jason and Anne Marie Diegidio.  Due to the water damage, [Dr. Khalil] eventually moved out of her unit and stopped paying her condominium fees.
>
> In July 2008, [Dr. Khalil] filed a civil action against State Farm and Travelers, alleging breach of contract and bad faith, and

against the Diegidios, alleging negligence (hereinafter, the "Water Damage Case"). A year later, Pier 3 filed a separate lawsuit against [Dr. Khalil] for her unpaid condominium fees and charges (hereinafter, the "Fees Case"). In that matter, [Dr. Khalil] filed several counterclaims against Pier 3, asserting, *inter alia*, that it failed to properly maintain the common area. She also filed a joinder complaint against the Diegidios, individually and as members of the condominium board, and Wentworth Property Management ("Wentworth"), the company responsible for managing the building.

*Khalil v. Williams*, 278 A.3d 859, 861 (Pa. 2022) (footnotes omitted).

Dr. Khalil settled the Water Damage Case with Travelers before trial, and with the other defendants during trial. Thereafter, in the Fees Case, Dr. Khalil's counterclaims were dismissed based upon language in her Travelers release barring any additional claims relating to the incident, and a jury awarded Pier 3 $109,000 for unpaid fees. Dr. Khalil thereafter pursued challenges to the validity of all the settlement agreements and other actions against Travelers to no avail. *See*, *e.g.*, *Khalil v. Travelers Indem. Co. of Am.*, 273 A.3d 1211, 1226 (Pa.Super. 2022) (holding *res judicata* barred Dr. Khalil's cause of action against Travelers alleging that it fraudulently induced her to settle the Water Damage Case). She then initiated claims of legal malpractice against her attorneys alleging negligence and malfeasance in connection with the Travelers settlement and release ("the Malpractice case"). The grant of summary judgment to the defendants in the Malpractice Case was reversed by our Supreme Court and remanded for further proceedings. *See Khalil v. Williams*, 278 A.3d at 872-73.

- 2 -

While the Malpractice Case was pending in the appellate courts, Travelers commenced the instant action by filing a complaint in equity for interpleader. Therein, Travelers alleged that it sought documentation from Pier 3 and Dr. Khalil in the aftermath of the incident with less than full cooperation and, based upon the limited information they supplied, it determined that the net damages covered by Pier 3's policy amounted to $80,047.49. Travelers sent the estimate to Pier 3, copying Dr. Khalil, indicating its intent to make payment to Pier 3. Both Pier 3 and Dr. Khalil responded to the correspondence by demanding payment to the exclusion of the other. Wherefore, Travelers requested the court to: (1) require Dr. Khalil and Pier 3 to interplead to resolve their rights to the payment; (2) enjoin the defendants from prosecuting any separate claim for payment; (3) declare the defendants' respective rights to the insurance funds; (4) order Travelers to submit the stated funds to the court and discharge it from any further liability; and (5) award Travelers attorney fees and costs. *See* Complaint, 2/17/21, at 2-6.

Pier 3 removed the case to federal court only to have it remanded on Dr. Khalil's motion. Dr. Khalil filed an answer to Travelers' complaint asserting that Travelers owed more than it sought to pay into court. *See* Answer, 2/2/22, at ¶ 15. Dr. Khalil further pled affirmative defenses, such as unclean hands, mistake, and unjust enrichment in a new matter, but raised no counterclaims or crossclaims. *Id*. at ¶¶ 17-25. Travelers then replied to

- 3 -

Dr. Khalil's new matter and filed a petition for interpleader, wherein it requested that the court order the following:

a) Pier 3 and Dr. Khalil shall each file with the court a statement of claim within thirty days;

b) Travelers shall be authorized to pay into the court's registry the claim payment amount—$80,047.49, for distribution to whichever party the court determines to be the rightful beneficiary;

c) Travelers shall be discharged from any and all further liability and/or responsibility for payment of any proceeds to any person or entity under the policy for the claim.

Petition for Interpleader, 2/14/22, at 4 (cleaned up). For its part, Pier 3 filed a motion for judgment on the pleadings and an answer to the interpleader petition indicating that it did "not oppose the payment of the disputed funds into the [c]ourt."[1] Answer to Petition (Pier 3), 2/18/22, at ¶¶ 1-14.

Dr. Khalil filed responses in opposition to Travelers' petition and Pier 3's motion. First, in the answer portion of her response, Dr. Khalil resurrected her contention that Travelers had yet "to satisfy her claim and repair the damage to her unit" and that "its failure to abide by the terms of its policy constitute a breach of its duty under the law of Pennsylvania." Answer to Petition (Dr. Khalil), 3/3/22, at ¶ 12. The new matter portion of the filing reiterated the affirmative defenses raised in her answer to the complaint and further averred: "Defendants has [*sic*] suffered additional damages as a result

---

[1] The certified record does not reflect that Pier 3 answered Travelers' complaint to deny that the net claim value was $80,047.49.

of [Travelers'] action/failure to act concerning the damages to her unit as a result of the subjected water damages incident." *Id*. at ¶ 24.

Pier 3's motion for judgment on the pleadings was premised upon provisions of the Uniform Condominium Act ("the Act"), 68 Pa.C.S. §§ 3101-3414. In particular, Pier 3 observed that the Act, *inter alia*, requires: (1) condominium associations to maintain property insurance on the common elements and units, (2) any loss covered by the policy to be adjusted with the association, and (3) "insurance proceeds for that loss shall be payable to any insurance trustee designated for that purpose or otherwise to the association," which it must hold "in trust for unit owners and lienholders as their interests may appear." Motion for Judgment on the Pleadings, 2/15/22, at ¶¶ 8-9 (quoting 68 Pa.C.S. § 3312(d)) (internal quotation marks omitted).[2] Furthermore, the declaration of Pier 3 recorded with the Philadelphia Recorder of Deeds, to which all unit owners are bound, likewise specifies that the required insurance policy be endorsed to make proceeds payable to the association to protect the interests of all mortgagees. *Id*. at ¶¶ 13-17.

_____

[2] The statute further provides:

> [T]he proceeds shall be disbursed first for the repair or restoration of the damaged common elements and units and unit owners and lienholders are not entitled to receive payment of any portion of the proceeds unless there is a surplus of proceeds after the common elements and units have been completely repaired or restored or the condominium is terminated.

68 Pa.C.S. § 3312(d).

Therefore, Pier 3 posited that as a matter of law it was entitled to the funds that Travelers sought to pay into court.

In her response, Dr. Khalil maintained that she was an insured under the Travelers policy and that the damage to her unit exceeded the sum Travelers sought to pay. She also complained that Pier 3 violated the Act by failing to promptly replace the damaged portion of the condominium. **See** Response to Motion for Judgment on the Pleadings, 3/3/22, at ¶¶ 3-4. Dr. Khalil premised Pier 3's breach of the Act upon § 3312's provision that "[a]ny portion of the condominium damaged or destroyed shall be repaired or replaced promptly by the association[.]"[3] 68 Pa.C.S. § 3312(g)(1).

The trial court entered an order denying Travelers' interpleader petition. Travelers moved for reconsideration, observing that the single issue in the action was which of the two defendants was entitled to the insurance proceeds that it stood ready to deposit into court, as neither Pier 3 nor Dr. Khalil "filed an affirmative claim in this case seeking additional sums from Travelers." Motion for Reconsideration, 3/28/22, at ¶ 8. Dr. Khalil opposed the motion by asserting that she "consistently plead [*sic*] throughout this matter that her damages are in excess of what Travelers currently seeks to deposit" and "any

---

[3] We observe that the statutory provision cited by Dr. Khalil expressly pertains to the "[d]isposition of insurance proceeds." 68 Pa.C.S. § 3312(g). Dr. Khalil did not explain how Pier 3 could have violated the law by failing to repair the condominium with the very proceeds Travelers had yet to pay but was seeking to distribute through filing this action.

claim to the contrary is based on an alternate reality." Response to Motion for Reconsideration, 4/1/22, at ¶ 8.

By order of April 4, 2022, the trial court granted Pier 3's motion for judgment on the pleadings. It premised its ruling upon both § 3312(d) of the Act and the similar declaration provision by which Dr. Khalil was bound as a unit owner. *See* Order 4/4/22, at 1-2 n.1. It therefore declared that Pier 3 was entitled to the proceeds identified in Travelers' complaint and the insurance proceeds under the policy are not payable to Dr. Khalil. *Id*. at 1. Dr. Khalil did not appeal from that order.

To summarize the proceedings to this point, in ruling on Pier 3's motion, the trial court granted one request for relief asserted by Travelers in its complaint, namely the declaration of the respective rights of Pier 3 and Dr. Khalil to receive proceeds from Travelers pursuant to the insurance policy at issue. However, in denying the interpleader petition, the court rejected Travelers' request to pay any particular sum into court and leave the dispute, and also declined to absolve Travelers from any further liability.

The case remained in this state for four months until, for reasons not apparent from the certified record, entries were made on the docket indicating that the case had been incorrectly marked as disposed and was reactivated "to proceed to an assessment of damages." Docket Entry, 8/4/22 (cleaned up). Neither the docket nor the certified record reflects that this information was conveyed to any of the parties. On August 9, 2022, the trial court entered

an order denying Travelers' motion for reconsideration. Although the docket shows that this order was served on the parties that day, there is no indication that any of them questioned its impact on the reactivated case.

The next docket entry added the case to the trial-ready pool "to be listed for assessment in [the] October 2022 trial pool." Docket Entry, 9/9/22. Again, there is no indication that the parties were informed or otherwise learned of this development and proceeded to file pre-trial documents as a result.

On November 1, 2022, the court sent a letter to all counsel attaching them for trial for the November 2022 trial pool "and each successive monthly trial pool until the matter is called for trial." Letter, 11/1/22. Neither the certified record nor the docket suggests that this prompted the parties to prepare for a trial.

The court issued notice on January 24, 2023, that the case was listed for a non-jury trial to take place on June 5, 2023, and attached all counsel of record. *See* Notice, 1/24/23. No docket activity in response to this notice occurred until May 9, 2023, when co-counsel for Travelers filed a motion to withdraw. The following day, Travelers filed a praecipe to discontinue the action pursuant to Pa.R.Civ.P. 229(a) ("A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.").

On May 17, 2023, Dr. Khalil filed a motion to strike the discontinuance. Therein, she asserted that she was prejudiced by the termination of the action twenty-six days before trial because she had spent money preparing to contest the amount of the damages to her condominium unit by consulting with her counsel and a construction appraiser. *See* Motion to Strike, 5/17/22, at ¶ 9. She further alleged that the discontinuance was made in bad faith by Travelers to avoid its liability for significantly more than the $80,047.49 it had proposed to pay into court. *Id*. at ¶¶ 7, 10. Therefore, Dr. Khalil asked the court to strike the discontinuance and re-schedule the bench trial.

Travelers responded by noting that there was no claim left to be tried since the court ruled that Dr. Khalil had no right to payment from Travelers and had asserted no cognizable claims for damages in the case. *See* Response to Motion to Strike, 6/7/23, at ¶¶ 1, 6. Travelers maintained as follows:

> [Dr.] Khalil has and appears to continue to misunderstand the nature and purpose of the discontinued action and her putative "claim" and the "trial" thereof. As the pleadings in the [interpleader] action make clear, [Dr.] Khalil has no "claim" to be tried, particularly given the order [granting Pier 3's judgment on the pleadings]. [Her] answer asserts no claim of any kind recognized by the Pennsylvania Rules of Civil Procedure, whether it be a counter-claim or a cross-claim. Therefore, [Dr.] Khalil has (and had) no "interest" in need of protection or that could be prejudiced by Travelers' discontinuance of its interpleader action.

*Id*. at ¶ 9 (unnecessary capitalization omitted).

Dr. Khalil filed a reply insisting that the court schedule a hearing to assess damages in the case because the issue of whether Travelers "was 'on the hook' for more than $80,047.49" remained to be decided. *See* Reply,

- 9 -

6/12/23, at ¶ 3. She argued that the question of which interpleader defendant was entitled to be paid by Travelers was separate and distinct from the question of how much the payment should be. *Id*. at ¶ 4.

By order entered August 11, 2023, the trial court denied Dr. Khalil's motion to strike the discontinuance. Dr. Khalil filed a timely notice of appeal and court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and the trial court has supplied a Rule 1925(a) opinion. Dr. Khalil states the following issue for our review: "Did the Court of Common Pleas err in applying Pennsylvania law or abuse its discretion in denying [Dr.] Khalil's motion, per Pa.R.Civ.P. 229(c), to strike the discontinuance of this action filed by interpleader plaintiff Travelers, and doing so without an evidentiary hearing?" Dr. Khalil's brief at 1-2 (cleaned up).

We begin with a review of the applicable legal authority. Rule 229(c) provides: "The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice." Pa.R.Civ.P. 229(c).

> Under this rule, the decision of whether to strike a discontinuance is vested in the sound discretion of the trial court and we will not disturb its ruling on such a matter absent an abuse of that discretion. The trial court must consider all facts and weigh equities, while bearing in mind the benefits or injuries which may result to the respective sides if discontinuance is granted.

*U.S. Bank Tr. Nat'l Ass'n as Tr. of Lodge Series III Tr. v. Unknown Heirs Under Brolley*, 278 A.3d 310, 317 (Pa.Super. 2022) (cleaned up).

"The causes which will move the court to withdraw its assumed leave and set aside the discontinuance are addressed to its discretion, and usually involve some unjust disadvantage to the defendant or some other interested party." **Becker v. M.S. Reilly, Inc.**, 123 A.3d 776, 779 (Pa.Super. 2015).

Here, the trial court explained that it denied Dr. Khalil's petition to strike the discontinuance because the interpleader action had been resolved by the April 2022 order that granted Pier 3's motion for judgment on the pleadings and declared that Pier 3, not Dr. Khalil, was entitled to payment of the insurance proceeds from Travelers. **See** Trial Court Opinion, 11/8/23, at 4. It observed that, since Dr. Khalil had "never pleaded a claim for damages," she "had no rights to a determination on any damages claim." **Id**. The court further elucidated that it subsequently denied Travelers' motion for reconsideration because it was moot, as there remained nothing to be heard at trial. **Id**. Accordingly, it concluded that denying the motion to strike the discontinuance was a proper exercise of its discretion. **Id**.

Dr. Khalil disagrees, asserting that the trial court abused its discretion because it "failed to protect the rights of Dr. Khalil to the determination of the damages assessment that was scheduled to take place." Dr. Khalil's brief at 9. She again points to places in her answers to Travelers' pleadings wherein she denied Travelers' representations as to the amount due under the policy and suggests that, since this was Travelers' lawsuit, she had no obligation to "plead" a "claim for damages." **Id**. at 10. She contends that she properly

relied "on the continuing process of litigating the assessment of her damages that was to be [determined] in the bench trial scheduled." *Id*. Dr. Khalil further argues that the trial court erred in denying the petition without a hearing because:

> [T]here [we]re material issues of fact such as the current cost of repair to property and the related harms and associated damages to [Dr.] Khalil which resulted from the water damage to the home and Travelers['] delay in payment for the water damage, and the fact that such damages are covered by Travelers' Master policy.

*Id*. at 19.

Upon review, we agree with Travelers that Dr. Khalil continues to misunderstand the nature of these proceedings. This Court has explained:

> An interpleader is the procedural mechanism through which adverse claimants against the money, property or debt held by another may be required to litigate their claims in one proceeding. Rival claims against an insurer for insurance proceedings is a classic candidate for interpleader. An interpleader's purpose is the avoidance of the expense and inconvenience which results from the defense of multiple actions arising out of identical claims of entitlement to a "stake" of money, property or debt.

*Lewandowski v. Life Ins. Co. of N. Am.*, 608 A.2d 1087, 1088 (Pa.Super. 1992) (cleaned up).

Plainly, multiple actions were not avoided in the instant case. Rather, Dr. Khalil litigated, settled, and released claims against Travelers in the Water Damage Case long ago, and this Court ruled that her subsequent attempts to

recover from Travelers in connection with that incident and the Travelers settlement were barred.[4]  ***See Khalil v. Travelers***, 273 A.3d at 1226.

Travelers initiated this action indicating that it still had a sum of money that it was prepared to pay pursuant to the insurance policy obtained by Pier 3, but that it required the court to decide whether it should pay it to the association or Dr. Khalil.  Dr. Khalil certainly pled that she disagreed that the sum it offered was adequate, but she did not assert facts to suggest that contract, tort, or some other legal theory served as a basis for Travelers to pay her more than what it offered.[5]  Hence, the only issue for the court to decide was which defendant was entitled to the proceeds.  It entered judgment

_____

[4] We have observed that Travelers is not wholly blameless in perpetuating the litigation:

> [W]e recognize that some evidence in the record indicates that Travelers behaved less than honorably during this series of lawsuits.  [One trial judge] suggested in her opinion in the [W]ater [D]amage [Case] that Travelers assured her that the release would not compromise [Dr. Khalil's] claims against Travelers' insured, Pier 3, but then permitted Pier 3 to argue in the [Fees Case] that the release barred [her] claims.  Furthermore, Travelers' vice president  admitted . . . that the intent of the release was to release Travelers and not Pier 3.

***Khalil v. Travelers Indem. Co. of Am.***, 273 A.3d 1211, 1226 (Pa.Super. 2022).  Nonetheless, Dr. Khalil settled the Water Damage Case and "could have accused Travelers of fraud during the water damage action, but she failed to do so."  ***Id***.

[5] If Dr. Khalil had properly pled some basis to obtain additional funds from Travelers for the water damage her unit sustained, Travelers no doubt would have asserted the defenses of release and *res judicata*.  However, because she did not, there was no reason to raise those defenses.

- 13 -

J-A08003-24

for Pier 3 in that regard, leaving no claim to try in this case despite what the enigmatic, seemingly-unprompted docket entries suggested. Consequently, there was no reason to strike Travelers' voluntary discontinuance. Further, there was no basis for the trial court to hold a hearing before denying Dr. Khalil's motion to strike. *See Becker*, 123 A.3d at 780 ("Rule 229(c) does not require a hearing. It simply requires a petition and notice."). Therefore, we discern no abuse of discretion by the trial court in denying Dr. Khalil's Rule 229(c) motion to strike the discontinuance.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/11/2024

- 14 -